David MILLER, Appellee,

v.

ALLSTATE INSURANCE COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued May 23, 2000.
Filed Nov. 21, 2000.

Stephen R. McDonnell, Philadelphia, for appellant.

Robert H. Dickman, Philadelphia, for appellee.

BEFORE: KELLY, ORIE MELVIN, and TODD, JJ.

KELLY, J.:

¶ 1 Appellant, Allstate Insurance Company, asks us to determine whether the trial court properly confirmed the arbitration award dated February 11, 1999. Specifically, we must determine whether New Jersey law will govern the arbitration proceedings despite an explicit contractual provision to the contrary. We must also determine whether a provision in the policy allowing either party sixty (60) days to challenge an arbitration award prevails over 42 Pa.C.S.A. § 7342, which allows only thirty (30) days. We hold that the provision of Appellant's policy choosing lo-cal law to govern the procedure of the arbitration means Pennsylvania procedure applies. We further hold that the policy provision allowing sixty (60) days to contest an arbitration award cannot prevail over Pennsylvania procedure or expand the jurisdiction of the court. Accordingly, we affirm the trial court's order confirming the arbitration award.

¶ 2 The relevant facts and procedural history of this case are as follows. On July 25, 1995, Appellee was a passenger in one of two automobiles involved in an accident in Philadelphia, Pennsylvania. Appellee was a resident of Philadelphia. The car's owner and driver was a resident of New Jersey. The car was registered and insured by Appellant in New Jersey.

¶ 3 As a result of this accident, Appellee was injured and sought compensation from Appellant in the form of uninsured motorist benefits, as a third party beneficiary to the car owner's policy. This policy had an arbitration clause that provided in part that local rules of arbitration would govern unless otherwise agreed, and that if the award was above $15,000.00, either party could ask for a jury trial concerning the amount of damages within 60 days.

¶ 4 Pursuant to this clause, Appellee demanded arbitration of his claim. Arbitration was held in Philadelphia on February 11, 1999 and an award was entered in favor of Appellee in the amount of $50,-000.00.

¶ 5 More than thirty (30) days passed and on March 23, 1999, Appellee petitioned the Court of Common Pleas to confirm his arbitration award. Appellant filed its response to this petition using the wrong motion court number and the response was never received by the court. On March 25, 1999, Appellant sent a letter to Appellee rejecting the arbitration award and requesting a jury trial on the issue of damages. Appellant, however, did not petition the Court of Common Pleas to vacate or modify the award.

¶ 6 On April 28, 1999, having not yet received Appellant's response, the trial court confirmed the award. Upon learning that Appellant's brief was not late but merely misfiled, the court vacated its order in the interest of fairness, and ordered Appellant to refile its response. Appellant then filed another response that was dismissed without prejudice as incomplete.

¶ 7 In the hope of hastening this confirmation process, Appellee refiled his motion to confirm and Appellant filed a timely answer in response. Finally in receipt of both parties' papers, the trial court once again confirmed the arbitration award. This timely appeal followed.

¶ 8 On appeal, Appellant raises the following issues for our review:

WHETHER NEW JERSEY LAW APPLIES TO THE INTERPRETATION OF THE CONTRACT AT ISSUE;

WHETHER [APPELLANT] PROPERLY REJECTED THE AWARD OF ARBITRATORS (UNDER PENNSYLVANIA OR NEW JERSEY LAWS) PURSUANT TO THE TERMS OF THE POLICY OF INSURANCE/CONTRACT TO WHICH APPELLEE WAS A THIRD–PARTY BENEFICIARY;

WHETHER PENNSYLVANIA COMMON LAW ARBITRATION PROCEDURAL LAW CONCERNING THE REJECTION OF THE AWARD OF ARBITRATORS IS SUPERSEDED BY THE SPECIFIC PROVISIONS OF THE POLICY?

(Appellant's Brief at 3).

¶ 9 Appellant first argues that the contract must be construed under New Jersey law applying Pennsylvania choice of law principles to the instant case. It asserts that as the forum state, Pennsylvania must apply its own principles governing choice of law. The predominant inquiry is not simply which state has the most contacts, but which state has the most significant contacts under Pennsylvania's hybrid approach to choice of law issues.

¶ 10 Appellant further asserts that New Jersey has the most significant contacts as it is the state in which the vehicle is registered, the insurance contract has been issued, and the policy holder resides. Therefore, New Jersey law should be applied to this contract.

¶ 11 We need not decide which state had the most significant contacts. Pennsylvania local rules of law as to procedure and evidence were properly applied through the parties' choice of law provision in the insurance contract.

¶ 12 The Restatement (Second) of Conflict of Laws § 187(1) states that:

The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

Restatement (Second) of Conflict of Laws § 187(1). *See Howard Savings Bank v. Cohen*, 414 Pa.Super. 555, 607 A.2d 1077, 1078 (1992) (applying this section to give effect to parties choice of law provision). Therefore, choice of law provisions of a contract will be given effect. *See id.; Smith v. Commonwealth National Bank*, 384 Pa.Super. 65, 557 A.2d 775, 777 (1989), *appeal denied*, 524 Pa. 610, 569 A.2d 1369 (1990); *Aluminum Co. of America v. Essex Group, Inc.*, 499 F.Supp. 53, 59 (W.D.Pa.1980).

¶ 13 In the instant case, the insurance contract contains an explicit choice of law clause. The contract chooses the substantive law of New Jersey to apply to the policy, but states that "Local rules of law as to procedure and evidence will apply" to the arbitration. (*See* Allstate Policy of Insurance, Arbitration C., attached as exhibit A to Allstate Insurance Co.'s Response to Petition to Confirm Arbitration Award; R.R. at 36). This manifestation of the parties' selection of law will be given effect. *See Smith, supra.* Therefore, Pennsylvania procedure governs the arbi-

tration, because the parties arbitrated their dispute in Philadelphia.

■ ¶ 14 We take Appellant's third argument out of order, as resolution of this issue will dispose of Appellant's remaining argument. Appellant urges that the contract should set the period of time in which a party may contest the arbitration award. Appellant relies on the following provision in its policy:

C. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the **insured** is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of New Jersey. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

(*See* Allstate Policy of Insurance, Arbitration A. 1., 2., attached as exhibit A to Allstate Insurance Co.'s Response to Petition to . Confirm Arbitration Award; R.R. at 36) (emphasis in original). Applying the language of this provision, Appellant maintains it should have had sixty (60) days to challenge the award rather than the thirty (30) days provided by the Pennsylvania Common Law Arbitration statute at 42 Pa.C.S.A. § 7342. We disagree. .

Section 7342 of Subchapter B, Common Law Arbitration in pertinent part provides:

### § 7342. Procedure

\* \* \*

(b) **Confirmation and judgment.**—On application of a party made more than 30 days after an award is made by an arbitrator under § 7342(b) (relating to common law arbitration) the court **shall** enter an order confirming the award and shall enter a judgment or decree in conformity with the order.

42 Pa.C.S.A. § 7342(b) (emphasis added). This section has consistently been interpreted to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas by the filing of a petition to vacate or modify the arbitration award within thirty (30) days of the date of the award. Specifically, a party must raise alleged irregularities in the arbitration process in a timely petition to vacate or modify an arbitration award

*Lowther v. Roxborough Memorial Hospital,* 738 A.2d 480, 485 (Pa.Super.1999), *appeal denied,* —— Pa. ——, 758 A.2d 1194, 2000 WL 560165 (May 9, 2000) (internal citations omitted).

As a general rule, stipulations in a contract of insurance in conflict with, or repugnant to, statutory provisions which are applicable to, and consequently form a part of, the contract, must yield to the statute, and are invalid, since contracts cannot change existing statutory laws.

*Allwein v. Donegal Mutual Ins. Co.,* 448 Pa.Super. 364, 671 A.2d 744, 752 (1996), *appeal denied,* 546 Pa. 660, 685 A.2d 541 (1996).[1] "Even clear and unambiguous insurance policy language may conflict with an applicable statute.... In such situations, we cannot give effect to the contractual provision." *Kmonk–Sullivan v. State Farm Mutual Auto. Insurance,* 746 A.2d

---

1. We note Appellee's status as a third party beneficiary. Under Pennsylvania law, a third party beneficiary's rights and limitations in a contract are the same as those of the original contracting parties. *General Accident Insurance Company of . America v. Parker,* 445 Pa.Super. 300, 665 A.2d 502 (1995).

1118, 1121 (Pa.Super.1999). "Although the courts do not have a license to rewrite an insurance contract, the insurers do not have a license to rewrite statutes." *Id.*

¶ 15 Moreover, parties to a contract may agree to alter their rights and obligations under the contract; however, parties may not agree to enlarge the jurisdiction of the courts. *Tyler v. King*, 344 Pa.Super. 78, 496 A.2d 16 (1985). Language in a contract that attempts to expand the jurisdiction provided by the legislature will not be given effect. *Id.*

¶ 16 Instantly, the arbitration provision of the policy at issue states that local law will govern evidence and procedure for the arbitration. There is no dispute Pennsylvania law is the local law of this case. Pennsylvania procedure states that a party has thirty (30) days to challenge a common law arbitration. *See Lowther, supra.* The policy states that a party has up to sixty days to reject the arbitrator's award. This policy provision, however, cannot alter the chosen procedural law. *See Kmonk–Sullivan, supra.* Likewise, this stipulation cannot alter the court's jurisdiction. *See Tyler, supra.* Pennsylvania courts have no jurisdiction to entertain a challenge to a common law arbitration after 30 days have passed. Therefore, Pennsylvania procedure allowing only thirty (30) days to challenge the award prevails over the policy provision. *See id.; Kmonk–Sullivan, supra.*

¶ 17 Appellant did not file a petition to vacate or modify the award within thirty (30) days of the award. Therefore, the petition to confirm was proper under Pennsylvania procedure. *See* 42 Pa.C.S.A. § 7342(b). Appellant cannot now attack the award, because Appellant's objection to the award was untimely. *See Lowther, supra.* Due to our disposition of this issue, it matters not whether Appellant's purported rejection would have been successful. Thus, Appellant's only remaining argument is rendered moot.

¶ 18 Based on the foregoing analysis, we conclude that the trial court properly confirmed the arbitration award. Pursuant to the language of the policy, Pennsylvania procedure governed the arbitration. The policy provision allowing sixty (60) days to challenge an arbitration award cannot alter Pennsylvania procedure or enlarge the court's jurisdiction. Therefore, Appellant had only thirty (30) days to challenge the award pursuant to 42 Pa.C.S.A. § 7342. Appellant did not challenge the award within thirty (30) days. Accordingly, the Court of Common Pleas properly confirmed the arbitration award.

¶ 19 Order affirmed.