**BUCKS ORTHOPAEDIC SURGERY ASSOCIATES, P.C., Appellee,**

v.

**Robert M. RUTH, M.D., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 6, 2006.

Filed May 30, 2007.

Robert J. Donaghy, Newton, for appellant.

Laurent W. Metzler, Moorestown, N.J., for appellee.

BEFORE: JOYCE, KLEIN and BOWES, JJ.

OPINION BY BOWES, J.:

¶ 1 Robert M. Ruth, M.D. appeals from the judgment entered on an arbitration award in favor of his former employer, Bucks Orthopaedic Surgery Associates ("Bucks"), a professional corporation engaged in the practice of orthopaedic surgery. We vacate and remand for trial.

¶ 2 The record establishes the following. Appellant joined Bucks as an orthopaedic surgeon in 1996 and became a shareholder in 2001. Appellant left the practice in July 2003. On October 23, 2003, Bucks filed a statement of claim with the American Arbitration Association ("AAA") pursuant to the dispute resolution clause in its employment agreement with Appellant, alleging that Appellant left the practice prematurely. Appellant objected to the jurisdiction of the AAA; however, his objections were denied. On November 1 and November 2, 2004, the matter was arbitrated, and on March 2, 2005, the arbitrator issued an award of $80,000 in favor of Bucks. The arbitrator ruled against Appellant on various counterclaims and refused to rule on other counterclaims, concluding that he lacked jurisdiction. On March 24, 2005, Appellant filed a writ of summons against Bucks seeking to exercise his *de novo* right of appeal under a provision of the employment agreement. The relevant portion of the employment agreement, which was drafted by Bucks, contained the following arbitration clause:

22. *Arbitration.* Should any dispute arise concerning the interpretation of the terms of the Contract, or otherwise, the parties shall submit the same to binding arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association then in effect. Within thirty days after the receipt of the award by the Board of Arbitration, **the parties hereto reserve the right to exercise any judicial remedies by appealing such award to a court of competent jurisdiction, wherein the matter shall be heard *de novo.*** In the absence of such an appeal, the award of the Board of Arbitration shall be final and binding upon the parties hereto, their heirs, executors, administrators, legal representatives, successors and assigns.

Agreement, 4/18/96, at 16–17 (emphasis added).

¶ 3 After receiving notice of Appellant's writ of summons, Bucks filed a petition to confirm the arbitration award on April 29, 2005, and on July 20, 2005, Appellant filed a petition to vacate the award. On April 5, 2006, the court confirmed the award, finding that Appellant's challenge was improper. This appeal followed entry of judgment on the award.

¶ 4 In the case at bar, Appellant raises three issues challenging the trial court's confirmation of the arbitration award:

(1) Did not the trial court err when it confirmed an arbitrator's award arising from an arbitration process to a contractual provision drafted by an Employer that expressly and clearly provided that any arbitration award becomes final and binding only if neither party appeals to court and elects to have a trial de novo and the Employee filed a timely appeal and provided clear notice of his request for a trial?

(2) Did not the trial court err when it found the Employee waived his right to appeal the award because he failed to go to court seeking a pre-arbitration stay even though the

Employee raised objections to the arbitration before the Arbitrator and he had no legitimate ground for a stay?

(3) Did not the trial court err by confirming the arbitration award without giving the Employee an opportunity to obtain a ruling on issues raised in his prior Petition to Vacate that Award?

Appellant's brief at 2.

■ ¶ 5 Our standard of review of a trial court's decision to affirm an arbitration award arising from a written contract and involving only questions of law is *de novo,* and our scope of review is plenary. *See Hartford Ins. Co. v. O'Mara,* 907 A.2d 589, 593 (Pa.Super.2006). An agreement to arbitrate a controversy is presumed to be an agreement to submit to common law arbitration unless the agreement is in writing and expressly provides for arbitration pursuant to the Uniform Arbitration Act ("UAA") or another statute. 42 Pa.C.S. § 7302(a). Here, the parties submitted to common law arbitration in accordance with the commercial arbitration rules of the AAA. *Midomo Company, Inc. v. Presbyterian Housing Development Co.,* 739 A.2d 180, 183 (Pa.Super.1999) ("An agreement to arbitrate in accordance with the Rules of the AAA is an agreement pursuant to common law arbitration."); *Runewicz v. Keystone Ins. Co.,* 476 Pa. 456, 383 A.2d 189, 191 (1978).

¶ 6 In the instant case, the lower court affirmed the arbitration award relying upon 42 Pa.C.S. § 7342(b),[1] and held that section 7342(b) has been interpreted to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas by the filing of a

petition to vacate or modify the arbitration award within thirty days of the date of the award. *Lundy v. Manchel,* 865 A.2d 850, 853 n. 2 (Pa.Super.2004); *see also Sage v. Greenspan,* 765 A.2d 1139, 1142 (Pa.Super.2000), *appeal denied,* 566 Pa. 684, 784 A.2d 119 (2001).

¶ 7 Initially, we note that procedural rule 42 Pa.C.S. § 7342(b) is exclusively applicable to binding common law arbitration. In the present case, pursuant to the written contract and for reasons discussed *infra,* we find that the parties did not consent to final and binding arbitration. Upon close examination of Appellant's writ of summons, we conclude that it was actually a petition to vacate. *See Fortune/Forsythe v. Fortune,* 352 Pa.Super. 547, 508 A.2d 1205, 1208 (1986) (holding that the amended petition for reconsideration was actually a petition for modification and thus finding it proper to look beyond the title of the amended petition and consider its contents in order to characterize it).

■ ¶ 8 Here, Appellant specified in his writ of summons, under the section labeled "appeals," that he was appealing the AAA award with respect to his employment contract. Bucks received prompt notice that Appellant was appealing the arbitration award and had commenced an action against it pursuant to his *de novo* right of appeal under the employment agreement. It is thus evident that Appellant sought to appeal the arbitration award, and that his writ of summons should properly be viewed as a petition to vacate pursuant to the contract provision that permits *de novo* review. *See Gemini Equipment Co. v. Pennsy Supply, Inc.,* 407 Pa.Super. 404, 595 A.2d 1211, 1213 n. 2 (1991) ("[W]e shall

---

1. 42 Pa.C.S. § 7342(b), confirmation and judgment, provides that on application of a party made more than thirty days after an award is made by an arbitrator under section

7341 (relating to common law arbitration), the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order.

regard as done that which should have been done."); *Com. ex rel. Saltzburg v. Fulcomer*, 382 Pa.Super. 422, 555 A.2d 912, 915 n. 4 (1989) ("Errors in form are viewed with great tolerance by modern courts."). Therefore, Appellant appealed the arbitration award of March 2, 2005, by filing a writ of summons on March 24, 2005, which satisfied the thirty-day requirement mandated by 42 Pa.C.S. § 7342(b). Accordingly, we find that Appellant's appeal from the March 2, 2005 arbitration award was timely.

¶ 9 We now address whether Appellant waived his right to appeal the award because he did not seek a pre-arbitration stay pursuant to 42 Pa.C.S. § 7304(b), which provides:

§ 7304. Court proceedings to compel or stay arbitration

(b) Stay of arbitration.—On application of a party to a court to stay an arbitration proceeding threatened or commenced the court may stay an arbitration on a showing that there is no agreement to arbitrate. When in substantial and bona fide dispute, such as an issue shall be forthwith and summarily tried and determined and a stay of the arbitration proceedings shall be ordered if the court finds for the moving party. If the court finds for the opposing party, the court shall order the parties to proceed with arbitration.

■ ¶ 10 Here, Bucks admits in its brief that Appellant filed a letter challenging the jurisdiction of the AAA; nonetheless, Bucks contends that Appellant waived his right to a *de novo* trial because he participated in the arbitration process and did not seek a pre-arbitration stay. *See* Appellee's brief at 10. The record demonstrates that Appellant objected to the jurisdiction of the AAA, a preliminary hearing was held, and his objection was denied. Therefore, we find that Appellant clearly asserted his right to trial and did not waive his right to challenge the arbitration award. AAA Preliminary Hearing Scheduling Order 2, 4/23/04. Moreover, a pre-arbitration stay in this case would have proved futile considering that a stay is granted only when there is no agreement to arbitrate, and the dispute is not within the scope of the arbitration provision. *Smith v. Cumberland Group, Ltd.*, 455 Pa.Super. 276, 687 A.2d 1167, 1171 (1997). According to the record, it is clear that there was an agreement to arbitrate and that the breach of contract claim was within the scope of the arbitration provision.

■ ¶ 11 As Appellant's petition to vacate was timely and preserved his right to trial, we now consider the enforceability of the *de novo* provision of the employment agreement. Arbitration agreements are contracts and should be interpreted using contract principles. *Quiles v. Financial Exchange Co.*, 879 A.2d 281, 285 (Pa.Super.2005); *see also Highmark Inc. v. Hospital Service Association of Northeastern Pennsylvania*, 785 A.2d 93, 98 (Pa.Super.2001). Unquestionably, the parties' intent as evinced by the words of an agreement is a paramount consideration in construing a contract. *See Hart v. Arnold*, 884 A.2d 316, 332 (Pa.Super.2005). When the words of a contract are clear and unambiguous, the intent of the parties is to be discovered from the express language of the agreement. *Raiken v. Mellon*, 399 Pa.Super. 192, 582 A.2d 11, 13 (1990). However, where an ambiguity exists, courts are free to construe the ambiguity against the drafter. *Id.* Moreover, it is the function of the court to decide, as a matter of law, whether the contract terms are clear or ambiguous. *Tuthill v. Tuthill*, 763 A.2d 417, 420 (Pa.Super.2000).

¶ 12 The purpose of arbitration agreements is to reduce litigation and provide a prompt and inexpensive method of resolving disputes. *Trombetta v. Raymond James Financial Services, Inc.,* 907 A.2d 550, 570 (Pa.Super.2006). However, when there is no express agreement to arbitrate, then a party has not waived his right to a judicial forum. *See Ross Development Co. v. Advanced Building Development, Inc.,* 803 A.2d 194, 196–97 (Pa.Super.2002).

¶ 13 In the present case, an analysis of the arbitration provision reveals the following. First, the clause calls for "binding" arbitration which ordinarily would permit an appeal of the award, but under very limited circumstances. *See* 42 Pa.C.S. § 7341.[2] However, this dispute resolution clause also expressly permits the exercise of "any judicial remedies" and a right to trial *"de novo"* of all arbitrated issues. Moreover, the clause states that the award of the arbitrator is only binding in the absence of an appeal. Although arguably an ambiguity exists, in such a case, the proper remedy is to construe the language of the contract against the drafter. *Trombetta, supra.* In doing so, we find that the parties did not consent to final and binding arbitration, and the terms of the contract created a right to a *de novo* trial. Additionally, it is axiomatic that waiving the right to trial must be a knowing and voluntary act of a party to a contract who is aware that the right is being waived. *See Quiles, supra* at 286; *see also Leodori v. CIGNA,* 175 N.J. 293, 814 A.2d 1098, 1105 (2003) (in order for an employee to validly waive statutory right to jury trial in place of arbitration, waiver must be "an explicit, affirmative agree-ment that unmistakably reflects the employee's assent.").

¶ 14 Finally, this Court is aware of its decision in *Trombetta,* where we considered whether a contractual provision providing for *de novo* review of an arbitration award was enforceable. We held that "[i]n Pennsylvania, contracting parties are not free to impose their own standards of review on a court and parties to an arbitration agreement receive no support for doing so under the guise of arbitration, thereby putting those agreements in a superior position." *Id.* at 569. Herein, however, the parties were not prescribing a standard of review by the trial court of a binding arbitration decision, but rather preserving their right to a judicial forum and a *de novo* hearing. Thus, this case is clearly distinguishable from *Trombetta.*

¶ 15 After careful review of the provision and consideration of the parties' intentions as reflected in the contractual writing, we conclude that the court below erroneously confirmed the arbitration award.

¶ 16 Judgment vacated. Case remanded. Jurisdiction relinquished.

¶ 17 Judge KLEIN files a Concurring Statement.

## CONCURRING STATEMENT BY KLEIN, J.:

¶ 1 I fully agree with the majority's decision to vacate the judgment and remand for trial. I also agree that this Court's recent decision in *Trombetta v. Raymond James Financial Services, Inc.,* 907 A.2d 550 (Pa.Super.2006), is distinguishable from the instant case. I write separately, however, to note that I believe the holding in *Trombetta* is incorrect and calls for

2. The award of an arbitrator in a nonjudicial arbitration ... is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. 42 Pa.C.S. § 7341.

further clarification by either an *en banc* panel of our Court or the Pennsylvania Supreme Court.

¶ 2 In *Trombetta*, a panel of this Court held that *"de novo* review clauses contained in arbitration agreements are unenforceable as a mater of law in Pennsylvania." 907 A.2d at 576. In my view, this is too sweeping a statement. Precluding parties from crafting an arbitration clause to allow *de novo* appeal frustrates the purpose of alternative dispute resolution and contradicts the principle that parties to an arbitration clause can contract for their remedy.

¶ 3 I believe the holding in *Trombetta* is flawed and could discourage parties from entering into arbitration agreements. As the majority correctly notes, we are not bound by *Trombetta* because the arbitration clause in this case preserved the parties' right to a judicial forum and *de novo* trial of all arbitrated issues, not *de novo* review. However, should the *Trombetta* issue arise again, I would strongly urge review by either a Court *en banc* or the Supreme Court.