NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4197
_____

HARLEYSVILLE INSURANCE COMPANY OF NEW YORK,

Appellant

v.

MICHAEL CERCIELLO
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-08-cv-02060)
District Judge:  Honorable Edwin M. Kosik
_____

Argued July 14, 2011
Before:  SLOVITER, FUENTES and FISHER, *Circuit Judges*.

(Filed: August 23, 2011)

Michael T. Blazick, Esq. (Argued)
Mark A. Fontanella, Esq.
2 Public Square, Suite 102
Wilkes-Barre, PA  18701
     *Counsel for Appellant*

Andrew D. Bigda, Esq. (Argued)
Rosenn, Jenkins & Greenwald
15 South Franklin Street
Wilkes-Barre, PA 1 8711
     *Counsel for Appellee*

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Harleysville Insurance Company of New Jersey appeals the final order of the United States District Court for the Middle District of Pennsylvania holding that it has no right to a *de novo* trial after arbitrators issued an award to Michael Cerciello. For the reasons below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this petition. Therefore, we will set forth only those facts necessary to our analysis.

Harleysville Insurance Company of New Jersey ("Harleysville") and Michael Cerciello are engaged in an insurance coverage dispute. The underlying insurance contract, a commercial automobile insurance policy, provided for non-binding arbitration that would occur in and be governed by the laws of the place where an accident occurred. The relevant portion of the policy, the underinsurance endorsement, provided:

> **NEW JERSEY UNINSURED AND UNDERINSURED MOTORIST COVERAGE CHANGES**
>
> THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY
>
> 4. The following condition is added:

**ARBITRATION**

a.      If we and an insured disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an 'uninsured motor vehicle' or an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured," then the matter may be arbitrated. However, disputes concerning coverage of this endorsement may not be arbitrated. Either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within thirty (30) days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b.      Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two or more of the arbitrators will be binding only if neither we nor an insured demand trial within 30 days after the award. Trial will be in a court of competent jurisdiction. Trial will be on all issues of the award.

(App. at 102).

The accident that triggered coverage under the policy occurred in Pennsylvania, and, accordingly, arbitration occurred in Pennsylvania, where Cerciello won an award of $200,000 against Harleysville. Subsequently, Harleysville sent a letter to Cerciello invoking the trial demand contained in the policy and rejecting the arbitration award.

Prior to the arbitration, Harleysville had filed a complaint in the U.S. District Court for the Middle District of Pennsylvania seeking a declaratory judgment holding that the language in the underinsurance endorsement was valid and enforceable, and that arbitration would be non-binding.

3

Harleysville argued that the policy provided both parties with the right to demand a trial after an arbitration award and that it is well-settled that it is enforceable under New Jersey law, which applies to the policy, as it was purchased and issued in New Jersey and covered a vehicle garaged in New Jersey. Cerciello argued that Pennsylvania law applies, that the provision is unenforceable under Pennsylvania law, and that to the extent that it may be enforceable, it only provides for judicial review when the claimant is unsatisfied with the arbitration award.

Also before arbitration occurred, Cerciello filed a motion to dismiss for lack of subject matter jurisdiction. Specifically, he alleged "Harleysville fail[ed] to plead a case or controversy as required by Article III of the United States Constitution thereby depriving [the District Court] of the authority to adjudicate the issues presented therein . . . Alternatively, should [the District Court] conclude that it ha[d] subject matter jurisdiction, Harleysville complaint should be dismissed for lack of ripeness." As the parties had not yet gone through arbitration, the District Court agreed to stay the proceedings pending its results.

After the arbitration, the District Court lifted the order staying the proceedings. Cerciello filed counterclaims against Harleysville. One counterclaim sought a declaratory judgment confirming the decision of the arbitration panel concerning the underinsurance claim and awarding him $200,000. Other counterclaims were filed but are not before us. Ultimately, Cerciello filed a motion for judgment on the pleadings and

4

supporting brief. Harleysville likewise filed its own motion for judgment on the pleadings and supporting briefs.

The pending motions for judgment were referred to a magistrate judge for purposes of preparing a report and recommendation. The recommendation was submitted. It recommended granting partial judgment on the pleadings to Cerciello. The District Court followed the recommendation.

On September 20, 2010, Harleysville and Cerciello filed a joint motion for entry of judgment. On October 1, 2010, the District Court filed an order that, among other things, entered final declaratory judgment in favor of Cerciello and concluded that there would be no review of the arbitration award.

Harleysville filed a timely notice of appeal.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 *et seq*. We have jurisdiction pursuant to 29 U.S.C. § 1291. We exercise plenary review when reviewing a district court's grant of judgment on the pleadings. *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 593 n.2 (3d Cir. 2010).

## III.

Harleysville argues that the District Court erred by determining that the parties implicitly agreed that the arbitration proceeding would be governed by Pennsylvania law, and believes that further choice of law analysis was required to determine whether Pennsylvania or New Jersey law applies. We disagree. In Pennsylvania, parties to a

5

contract can select which state's law will apply. *Smith v. Commonwealth Nat'l Bank*, 557 A.2d 775, 777 (Pa. Super. Ct. 1989); *Assicurazioni Generali v. Clover*, 195 F.3d 161, 164 (3d Cir. 1999).

Pennsylvania courts have reviewed policies that are materially the same as Harleysville's policy and have concluded that the parties implicitly agreed that Pennsylvania law governs the arbitration proceedings and its related procedure. For example, in *Miller v. Allstate Insurance Company*, 763 A.2d 401, 403 (Pa. Super. Ct. 2000), the court determined that the contract language, combined with the fact that arbitration proceedings took place in Philadelphia, meant that the parties chose to apply Pennsylvania law. The case involved the interpretation of an arbitration provision in a New Jersey insurance contract. *Id.* The court held that while the contract was generally governed by New Jersey law, the arbitration provision was governed by Pennsylvania law. *Id.* The specific language in question was that, "[l]ocal rules of law as to procedure and evidence will apply" for arbitration. *Id.* Here, the specific paragraph detailing the arbitration procedure states, "[u]nless both parties agree otherwise, arbitration will take place in the county in which the 'insured' lives. Local rules as to arbitration procedure and evidence will apply." (App. at 102.) The facts are analogous to those found in *Miller*. Accordingly, Pennsylvania law governs the procedural and evidentiary rules of the arbitration proceeding.

IV.

Harleysville also argues that the District Court erred in its application of Pennsylvania law by converting the non-binding arbitration provision into an agreement for binding arbitration. Cerciello argues that the District Court did not err because, even though the language of the agreement called for non-binding arbitration, Pennsylvania's common law arbitration rules convert non-binding arbitration agreements into binding arbitration agreements. While we agree with Harleysville that Pennsylvania allows for non-binding arbitration and that the District Court erred, we will ultimately affirm the District Court's order on alternative grounds.

The Pennsylvania's Uniform Arbitration Act provides default rules for arbitration agreements. 42 Pa. C.S.A. § 7301 *et seq*.

> An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

42 Pa. C.S.A. § 7302(a). Additionally, 42 Pa. C.S.A. § 7341 limits the circumstances when a district court can vacate an arbitrator's award:

> The award of an arbitrator in a nonjudicial arbitration which is not subject to [statutory arbitration] . . . is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

7

In *Trombetta v. Raymond James Fin. Servs., Inc.*, the Superior Court of Pennsylvania determined that parties cannot contract to modify the standard of review for purposes of appealing an arbitration award.  907 A.2d 550, 576 (Pa. Super. Ct. 2006). The court held expressly that "*de novo* review clauses contained in arbitration agreements are unenforceable as a matter of law in Pennsylvania."  *Id.*  Based on this, the District Court concluded that parties cannot contract for a *de novo* trial demand right after arbitration.

However, Pennsylvania distinguishes contract provisions providing the standard of review on appeal of an arbitration decision from those allowing a party to demand a *de novo* trial after arbitration.  *Bucks Orthopaedic Surgery Assoc., P.C. v. Ruth*, 925 A.2d 868, 873 (Pa. Super. Ct. 2008).  In *Bucks*, the court limited *Trombetta's* holding:

> [w]e held that in Pennsylvania, contracting parties are not free to impose their own standards of review on a court and parties to an arbitration agreement receive no support for doing so under the guise of arbitration, thereby putting those agreements in a superior position.  Herein, however, the parties were not prescribing a standard of review by the trial court of a binding arbitration decision, but rather preserving their right to a judicial forum and a *de novo* hearing.

*Id.*  The court ultimately enforced a contract provision which allowed for a party to exercise its right to demand a *de novo* trial in accordance with its contract.  *Id.*  The District Court erred by failing to recognize that Pennsylvania has distinguished clauses which specify a standard of review and clauses which permit a right to demand a *de novo* trial.

8

Cerciello argues that, even if Pennsylvania allows non-binding arbitration agreements, because Harleysville did not file a writ of summons pursuant to 42 Pa. C.S.A. § 7342(b), its right to a new trial has been waived. Section 7342(b) requires a party appealing an arbitration award to file a writ of summons with the Pennsylvania Court of Common Pleas within 30 days.

An analogous situation was presented in *Miller v. Allstate Insurance Company*, where the contract contained similar language regarding what a party could do after an adverse result in arbitration. 763 A.2d at 404-05. The contract stated, "either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding." *Id.* at 404. There, the insurer sought review of a confirmed arbitration award after having not filed a writ. Here, the language provides that "[a] decision agreed to by two of the arbitrators will be binding only if neither 'we' nor an 'insured' demand a trial within 30 days after the award." (App. at 102.) In *Miller*, the Superior Court of Pennsylvania determined that, even if a party notified the other party that it was demanding a new trial, but failed to follow Pennsylvania procedure, it waived its right to litigate. *Id.* at 405. In both *Miller* and here, the insurer who lost in arbitration told the insured that it was exercising its right to a new trial, but neither filed a petition with the Pennsylvania Court of Common Pleas within the appropriate timeframe. *Id.*; (app. at 164). In both cases, the party that won in arbitration moved to confirm its award. (App. at 116.) In *Miller*, the court determined that a party cannot exercise its right to demand

9

judicial review of an arbitration proceeding without filing a petition within the thirty-day jurisdictional limit because, while "parties to a contract may agree to alter their rights and obligations under the contract; . . . [they] may not agree to enlargen the jurisdiction of the courts." *Miller*, 763 A.2d at 405.

Harleysville attempts to argue that *Bucks* holds generally that Pennsylvania procedural rules do not apply. However, in *Bucks*, the loser of the arbitration proceeding filed a writ of summons within 30 days of the adverse arbitration decision. *Bucks*, 925 A.2d at 870. Accordingly, *Bucks* did not overturn the existing precedent from *Miller*, as that issue was not raised. As *Miller* has not been overturned, we are bound to apply it and conclude that Harleysville has waived its ability to challenge the arbitration award.

## VI.

For the reasons set forth above, we will affirm the order of the District Court.