J-A02016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID HERLAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| HCR MANORCARE, LLC, MANORCARE OF LANCASTER PA, LLC D/B/A MANORCARE HEALTH SERVICES-LANCASTER, MANORCARE HEALTH SERVICES INC. A/K/A MANORCARE HEALTH SERVICES, LLC, MANOR CARE, INC., HCR MANORCARE, INC., HCR IV HEALTHCARE, LLC, HCR III HEALTHCARE, LLC, HCR II HEALTHCARE, LLC, HCR HEALTHCARE, LLC, HCRMC OPERATIONS, LLC, HCR MANORCARE OPERATIONS II, LLC; HEARTLAND EMPLOYMENT SERICES, LLC, AND HCR MANORCARE HEARTLAND, LLC | : | No. 1590 MDA 2017 |
| Appellants | : | |

Appeal from the Order Dated September 19, 2017
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-16-01811

BEFORE:  LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 16, 2019**

Appellants[1] appeal from the Order dated September 19, 2017, which overruled Preliminary Objections seeking to enforce an arbitration agreement. We affirm.

---

[1] Appellants consist of HCR ManorCare, LLC, ManorCare of Lancaster PA, LLC d/b/a ManorCare Health Services - Lancaster, ManorCare Health Services, Inc.

Following an automobile accident in February 2014, Appellee entered Appellants' rehabilitation facility in Lancaster, PA. While a resident at the facility, in April 2014, Appellee suffered a fracture of his right femur after falling during an unassisted trip to the bathroom. Dissatisfied with his care at the Lancaster facility, Appellee transferred to Appellants' facility located in King of Prussia, PA. *See* Trial Ct. Op., 9/19/17, at 1-4; Trial Ct. Pa.R.A.P. 1925(a) Op., 11/21/17, at 2-5.

In March 2016, Appellee commenced this litigation, asserting negligence. *See* Complaint, 3/1/16. In response, Appellants filed Preliminary Objections. Appellants averred that the parties had entered into a binding agreement to arbitrate any dispute arising from the care Appellee received at Appellants' facility. *See* Appellants' Preliminary Objections, 3/29/16, at ¶¶ 5-15, Exhibit B (Arbitration Agreement) (providing that any disputes arising out of Appellee's care at the facility shall be submitted to arbitration).[2] Thus, according to Appellants, Appellee's "claims [should] proceed to arbitration." **Id.** at § 15. Appellee challenged Appellants' objections, asserting the Arbitration Agreement was neither valid nor enforceable. *See* Appellee's Response, 4/18/16.

---

a/k/a ManorCare Health Services, LLC, Manor Care, Inc., HCR ManorCare, Inc., HCR IV Healthcare, LLC, HCR III Healthcare, LLC, HCR II Healthcare, LLC, HCR Healthcare, LLC, HCRMC Operations, LLC, HCR ManorCare Operations II, LLC; Heartland Employment Services, LLC, AND HCR ManorCare Heartland, LLC.

[2] Appellants also objected to Appellee's claim for punitive damages. The trial court subsequently overruled this objection without prejudice.

The parties conducted discovery to develop a factual record on the issue of arbitration. In his deposition, Appellee explained that his vision is severely impaired, a complication arising from his diabetes. Appellee Deposition, 2/7/17, at 27-28. Thus, according to Appellee, he was unable to read documents presented for his consideration. *Id.*

Appellee also described the manner in which he completed paperwork required for his admission to Appellant's facility. According to Appellee, two days after he arrived, an administrator brought paperwork for Appellee to complete. *Id.* at 33. Because of his visual impairment, Appellee relied on the administrator to explain the content of the documents requiring his signature. *Id.* at 34-38. Thus, for example, in order to assist Appellee, the administrator placed an "X" where he needed to sign the documents. *Id.* at 36. According to Appellee, the administrator never identified or explained that one of the documents was the Arbitration Agreement. *Id.* at 38.

To corroborate his testimony, Appellee relied on medical records available to Appellants during his residency at the Lancaster facility. *See* Appellee's Response, Exhibit D (documenting "decreased [visual] acuity"); Appellee's Supplemental Memorandum, 5/16/17, Exhibit G (documenting that Appellee suffered from diabetes, cataract, and macular degeneration resulting in "moderately impaired" vision, defined as "limited vision; not able to see newspaper headlines but can identify objects").

The facility administrator, Ms. Malissa Rodriguez, also submitted to a deposition. Despite suggesting that she sometimes reads a resident's medical

chart prior to presenting admissions paperwork, Ms. Rodriguez stated that she had not read Appellee's medical chart, did not know that he was visually impaired, and was unaware that Appellee could not read. Rodriguez Deposition, 1/19/17, at 59-64. According to Ms. Rodriguez, it was her general practice to explain each document required for admission to the facility. *Id.* at 130-32. However, regarding the Arbitration Agreement, Ms. Rodriguez acknowledged that she did not read or explain specific provisions of the agreement to Appellee. *Id.* at 75-84.

Following additional briefing by the parties, the trial court overruled Appellants' Preliminary Objections. Order, 9/19/17. According to the court, Appellee established by clear and convincing evidence, that due to his impaired vision, he was unable to read the Arbitration Agreement presented for his signature. Trial Ct. Op. at 5-6. Further, the court found that the admissions administrator had not read the Arbitration Agreement to Appellee. *Id.* Based on these findings, the trial court concluded that Appellee did not knowingly and voluntarily sign the agreement. *Id.* at 6.

Appellants timely appealed[3] and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court filed a responsive opinion.

Appellants raise the following issue on appeal:

_____

[3] We note that Appellants' interlocutory appeal is properly before us. *See* 42 Pa.C.S. § 7320(a)(1) (permitting an appeal from a court order denying an application to compel arbitration); Pa.R.A.P. 311(a)(8) (authorizing appeals by right where an order is made appealable by statute).

- 4 -

Whether the trial court erred in applying the "clear and convincing" evidence standard[] and refused to enforce the Arbitration Agreement[,] where the resident, two weeks removed from being the licensed driver in a motor vehicle accident, sought to advance the defense that two weeks later, when he signed the Agreement at issue, he had a visual incapacity that made him incapable of reading and understanding the Agreement[.]

Appellants' Br. at 4.

Appellants challenge the trial court's denial of their Preliminary Objections seeking to compel arbitration. Our review "is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying [the objections]." ***Gaffer Ins. Co., Ltd. v. Discover Reinsurance Co.***, 936 A.2d 1109, 1112 (Pa. Super. 2007) (citation omitted); ***see also C.G. v. J.H.***, 172 A.3d 43, 47, 57 (Pa. Super. 2017) (noting our deference to a trial court's factual findings where those findings are required to resolve preliminary objections).

"Pennsylvania has a well-established public policy that favors arbitration[.]" ***MacPherson v. Magee Mem'l Hosp. for Convalescence***, 128 A.3d 1209, 1219 (Pa. Super. 2015) (*en banc*) (citation omitted). With this policy in mind, "we employ a two-part test to determine whether the trial court should have compelled arbitration." ***Id.*** (citation omitted). First, there must be a valid agreement between the parties to arbitrate. ***Id.*** Second, the parties' dispute must fall within the scope of the agreement. ***Id.***

Here, Appellants dispute the trial court's factual findings, asserting that there was not clear and convincing evidence to overcome the presumptive

validity of the Arbitration Agreement. **See** Appellants' Br. at 19-25. There is no dispute regarding the scope of the agreement. Thus, we need focus only on the first part of the test—whether a valid agreement to arbitrate exists.

An agreement to arbitrate is a contract. **Bucks Orthopaedic Surgery Assoc., P.C. v. Ruth**, 925 A.2d 868, 872 (Pa. Super. 2005). "It is . . . well settled that in order for an enforceable agreement to exist, there must be a 'meeting of the minds,' whereby both parties mutually assent to the same thing, as evidenced by an offer and its acceptance." **Prieto Corp. v. Gambone Constr. Co.**, 100 A.3d 602, 609 (Pa. Super. 2014); **Quiles v. Fin. Exch. Co.**, 879 A.2d 281, 285 (Pa. Super. 2005) ("There must be a meeting of minds in order to constitute a contract.").

Initially, the burden is on the party seeking to compel arbitration to demonstrate that a valid agreement to arbitrate existed between the parties. **Bair v. Manor Care of Elizabethtown, PA, LLC**, 108 A.3d 94, 96 (Pa. Super. 2015); 42 Pa. C.S. § 7304(a). Here, Appellants demonstrated that Appellee signed the Arbitration Agreement upon his admission to the Lancaster facility. This undisputed fact creates a presumption that Appellee understood and agreed to its terms. **Cardinal v. Kindred Healthcare, Inc.**, 155 A.3d 46, 50 (Pa. Super. 2017) ("[A] signed document gives rise to the presumption that it accurately expresses the state of mind of the signing party."). To

overcome this presumption, Appellee was required to present clear and convincing evidence that he did not knowingly agree to arbitrate. *Id.*[4]

The clear and convincing burden of proof requires "evidence that is so clear, direct, weighty, and convincing as to enable the [fact finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Rohm and Haas Co. v. Continental Cas. Co.*, 781 A.2d 1172, 1179 (Pa. 2001) (citation and internal quotation marks omitted); *Cardinal*, 155 A.3d at 50.

Here, the trial court made two critical findings. According to the court, due to his impaired vision, Appellee was unable to read the Arbitration Agreement presented for his signature. Trial Ct. Op. at 5; Trial Ct. Pa.R.A.P. 1925(a) Op. at 7-9. Further, the court found, despite undisputed evidence of his impaired vision, Ms. Rodriguez took no action to apprise Appellee of the agreement's terms. Trial Ct. Op. at 6; Trial Ct. Pa.R.A.P. 1925(a) Op. at 9. Substantial evidence supports these findings. *See supra*. Therefore, we shall not disturb them. *Gaffer Ins. Co., Ltd.*, 936 A.2d at 1112.

Challenging the convincing force of this evidence, Appellants highlight that Appellee was lawfully operating a motor vehicle at the time of his

---

[4] Appellants cite *Cardinal* in support of their argument to this Court. *See* Appellants' Br. at 19-21. At issue in that case was a challenger's mental capacity to execute an agreement to arbitrate. *Cardinal*, 155 A.3d at 50-52. There is no issue regarding Appellee's mental capacity here. Nevertheless, the rebuttable presumption defined in *Cardinal* is useful to evaluate whether Appellee's physical limitation undermined the validity of the Arbitration Agreement.

accident. Appellants' Br. at 4, 22. However, the trial court afforded this countervailing evidence little significance, noting that "[w]hile this fact establishes that [Appellee] had been recently driving, the record is unclear as to his visual acuity at the time of his vehicular accident[.]" Trial Ct. Pa.R.A.P. 1925(a) Op. at 8. Moreover, Appellee's license to drive does not establish that he could read the Arbitration Agreement. Thus, we defer to the court's finding. *C.G.*, 172 A.3d at 57.

These findings set forth clear and convincing evidence that Appellant did not knowingly and voluntarily agree to arbitrate his dispute with Appellants. *Cardinal*, 155 A.3d at 50. Thus, there was no "meeting of the minds," and the Arbitration Agreement is not enforceable. *Prieto Corp.*, 100 A.3d at 609; *Quiles*, 879 A.2d at 285. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellants' Preliminary Objections. *Gaffer Ins. Co., Ltd.*, 936 A.2d at 1112.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/16/2019

- 8 -