J-A17015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRIAN AND ANNA MULNIX | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., TOLL BROS., | : | |
| INC., TOLL PA., L.P., AND TOLL PA | : | |
| GP CORP. | : | No. 3258 EDA 2018 |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., | : | |
| TOLL BROS., TOLL PA., L.P., AND | : | |
| TOLL PA GP CORP. | : | |

Appeal from the Judgment Entered September 28, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180701323

BEFORE:  BOWES, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 15, 2020**

Toll Brothers, Inc., Toll Bros., Inc., Toll PA, L.P., and Toll PA GP Corp. (collectively, "Toll Brothers") appeal from the judgment entered on September 28, 2018, which granted a petition to confirm arbitration award filed by Brian and Anna Mulnix (collectively, the "Appellees").  After careful review, we vacate and remand with instructions.

This case concerns an arbitration stemming from Appellees' purchase of a home from Toll Brothers in 2002.  We glean the following factual and procedural history from the trial court's Pa.R.A.P. 1925(a) opinion:

On March 17, 2002, Appellees purchased a home at 3689 Powder Horn Drive, Furlong, PA 18925 from Toll Brothers.  In December 2013, Appellees began noticing water infiltration problems in the

home. On February 6, 2017, Appellees filed an arbitration action (as required by the parties' agreement of sale [(the "Agreement")]) against Toll Brothers claiming that the home was defectively designed and constructed. Between October 2017 and February 2018, seven (7) days of arbitration were presided over by retired Philadelphia Court of Common Pleas Judge William Manfredi . . . . On May 1, 2018, Arbitrator Manfredi issued a partial award in favor of Appellees, and on June 5, 2018, a final award was issued in favor of Appellee.

Rule 1925(a) Opinion, 2/6/19, at 1-2 (cleaned up).

On July 5, 2018, Toll Brothers filed a timely petition to vacate the final arbitration award. However, despite the aforementioned arbitration hearings having taken place at Toll Brothers' own Philadelphia-based offices, Toll Brothers elected to file the petition to vacate in the Bucks County Court of Common Pleas.[1] On July 12, 2018, Appellees filed a petition to confirm the final arbitration award in the Philadelphia Court of Common Pleas.

---

[1] Venue of arbitrations under Pennsylvania law is governed by 42 Pa.C.S. § 7319, which provides, *inter alia*, that either an "initial application" or a "subsequent application" to a court shall be made in the county in which the arbitration hearing was held. Instantly, there is no dispute that the arbitration hearing in this case took place in Philadelphia. However, Toll Brothers filed a petition to vacate in Bucks County pursuant to a novel interpretation of Pennsylvania law that views § 7319 through the lens of Pa.R.C.P. 1006 ("Venue. Change of Venue"). **See** Toll Brothers' brief at 14 ("Rule 1006 seemingly limits the reach of § 7319 to counties where venue is otherwise proper."). The trial courts in both Bucks and Philadelphia County rejected this interpretation of Pennsylvania law. On appeal, neither Toll Brothers nor Appellees have asserted any claims challenging these venue-related aspects of the lower courts' rulings. As such, we will not address this aspect of Toll Brothers' arguments further in this writing except where necessary to ascertain our procedural posture.

These competing filings created contemporaneous proceedings in Bucks and Philadelphia County. In relevant part, Toll Brothers challenged the propriety of the final arbitration award, but largely sought to have adjudication of the pending petition to confirm transferred to Bucks County from Philadelphia. Appellees opposed these arguments on the basis that Bucks County was an improper venue, while pressing for confirmation of the final arbitration award in their favor in Philadelphia.

On September 26, 2018, the Philadelphia trial court granted Appellees' petition to confirm. On October 24, 2018, Toll Brothers filed a timely appeal from the trial court's confirmation of the final arbitration award in favor of Appellees. On November 16, 2018, the Bucks County Court of Common Pleas filed an order transferring Toll Brothers' petition to vacate to the Philadelphia County Court of Common Pleas. No objections, exceptions, or appeals were filed with respect to that order.

In the above-captioned case, Toll Brothers and the trial court have both timely complied with their respective obligations under Pa.R.A.P. 1925. Toll Brothers presents the following issue for our review: "Whether the trial court erred in confirming the arbitration award on petition of the arbitration winner, without considering the merits of an earlier-filed petition to vacate that arbitration award, or the substance of the response in opposition to the petition to confirm." Toll Brothers' brief at 4.

Before we can properly frame our analysis of Toll Brothers' appellate claim, we must accurately characterize the legal foundation of the underlying arbitration clause in this case, which provides as follows:

11. ARBITRATION: Buyer hereby agrees that any and all disputes with Seller, Seller's parent company or their subsidiaries or affiliates arising out of the Premises, this Agreement, the Home Warranty, any other agreements, communications or dealings involving Buyer, or the construction or condition of the Premises . . . and all other torts and statutory causes of action ("Claims") shall be resolved by binding arbitration in accordance with the rules and procedures of Construction Arbitration Services, Inc. or its successor or an equivalent organization selected by Seller. If CAS is unable to arbitrate a particular claim, then the claim shall be resolved by binding arbitration pursuant to the Construction Rules of Arbitration of the American Arbitration Association [("AAA"),] or its successor or an equivalent organization selected by Seller. . . . The provisions of this paragraph shall be governed by the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. [("FAA"),] and shall survive settlement.

Agreement of Sale, 3/17/02, at ¶ 11.

In relevant part, Pennsylvania law makes available two statutory schemes for the arbitration of controversies. The first appears under the Uniform Arbitration Act, 42 Pa.C.S. §§ 7301-20 ("UAA"), which governs arbitration agreements that expressly provide that they are subject to the UAA "or any other similar statute." *See Weinar v. Lex*, 176 A.3d 907, 913-14 (Pa.Super. 2017) (citing 42 Pa.C.S. § 7302(a)). All other arbitration agreements are conclusively presumed to be "common law arbitration" under 42 Pa.C.S. §§ 7341-42. *Id*. at 914. Reading these statutory provisions in conjunction with one another, this Court has held that "[a]n agreement to arbitrate a controversy is presumed to be an agreement to submit to common

law arbitration unless the agreement is in writing and expressly provides for arbitration pursuant to the [UAA] or another statute." ***Bucks Orthopaedic Surgery Assocs., P.C. v. Ruth***, 925 A.2d 868, 871 (Pa.Super. 2007).

The trial court and the parties collectively assert that the arbitration in this case was conducted under the common law pursuant to 42 Pa.C.S. §§ 7341-42. ***See***, ***e.g.***, Toll Brothers' brief at 3; Appellees' brief at 30; Rule 1925(a) Opinion, 2/6/19, at 3. Our precedent provides that "[a]n agreement to arbitrate in accordance with the Rules of the [American Arbitration Association ("AAA")] is an agreement pursuant to common law arbitration.'" ***Bucks***, ***supra*** at 871. Finally, our review of the certified record confirms that the arbitration was carried out under the auspices of the AAA, and its rules governed the proceedings. ***See*** Arbitrator's Findings, 5/1/18, at ¶¶ 8, 35, 66-68. Accordingly, we will review the instant proceedings under the legal rubric applicable to common law arbitrations.[2] ***Accord Bucks***, ***supra*** at 871.

Our review is focused upon the trial court's confirmation of the arbitration award, as opposed to reviewing the substance of the underlying arbitration itself. "The standard of review in arbitration confirmation cases is whether, in interpreting the award, the trial court exceeded its scope of authority by an abuse of discretion or an error of law." ***Roccograndi v.***

---

[2] ***But cf. Comm. ex rel. Kane v. Philip Morris USA, Inc.***, 114 A.3d 37, (Pa.Commw. 2015) (holding that an arbitration agreement that expressly provides for arbitration under the FAA is subject to review pursuant to the legal standards applicable to statutory arbitration under § 7302(a)).

*Martin*, 214 A.3d 251, 256 (Pa.Super. 2019); *see also Weinar*, *supra* at 914 ("A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law."). But where such review involves only questions of law, our standard of review is *de novo* and our scope of review is plenary. *See Bucks*, *supra* at 871.

The confirmation of common law arbitration awards is governed by 42 Pa.C.S. § 7342(b),[3] which provides that "[o]n application of a party more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration), the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order."

This Court has "consistently interpreted this language to mean that the trial court is required to confirm the award unless the other party has filed a petition to vacate or modify the award within 30 days of the date of the award." *Civan v. Windermere Farms, Inc.*, 180 A.3d 489, 499 (Pa.Super. 2018) (citing *Lowther v. Roxborough Mem'l Hosp.*, 738 A.2d 480, 485 (Pa.Super. 1999) (same)). Thus, "a party must raise alleged irregularities in

---

[3] On June 28, 2018, the General Assembly approved legislative amendments creating revised statutory arbitration standards under Pennsylvania law. *See* 2018 Pa. Legis. Serv. Act 2018-55 (H.B. 1644); *see also* 42 Pa.C.S. §§ 7321.1-7321.31. Section 7342 was also amended to incorporate some of these revised standards in the legislative framework applicable to common law arbitrations in Pennsylvania. *See* 42 Pa.C.S. § 7342(a). However, the arbitration at issue in this appeal took place **before** these amendments took legal effect on July 1, 2019. Consequently, we will review this case pursuant to the unamended versions of the applicable statutes.

the arbitration process in a timely petition to vacate or modify an arbitration award." **Lowther**, **supra** at 485.

Instantly, the arbitrator issued a final award in favor of Appellees on June 5, 2018. Exactly thirty days later, Toll Brothers filed a petition to vacate in the Bucks County Court of Common Pleas. Contemporaneously, Appellees filed a petition to confirm the arbitration award in the Philadelphia County Court of Common Pleas several days later. Ultimately, on September 26, 2018, the trial court confirmed the final arbitration award after concluding that Toll Brothers' petition to vacate was erroneously filed in Bucks County. **See** N.T. Hearing, 9/26/18, at 18 ("The [c]ourt does [believe] that counsel filed [the] action in Bucks County simply to forum-shop . . . ."). In relevant part, the trial court never addressed the merits of Toll Brothers' petition to vacate.

On November 16, 2018, the Bucks County Court of Common Pleas entered an order transferring "all proceedings . . . to be handled in conjuncture" with the above-captioned case. **See** Order, 11/16/18. Neither Toll Brothers nor Appellees raised any objection, or filed a separate appeal, in response to this order. Nonetheless, Toll Brothers has devoted substantial space in its brief detailing a novel argument that it was procedurally proper for them to institute a separate civil action in the Bucks County Court of Common Pleas to challenge an arbitration that was initiated and took place exclusively within Philadelphia. **See** Toll Brothers' brief at 11-14. In a lengthy response, Appellees assert that Toll Brothers' filing should be treated as a

legal nullity because it was not filed in the proper venue, *i.e.*, the Philadelphia County Court of Common Pleas. **See** Appellees' brief at 6-29.

Both of these lines of argument miss the mark and are, frankly, irrelevant to the discrete issue posed for our review. Our review of the certified record confirms that neither party objected or appealed the order of the Bucks County Court of Common Pleas transferring Toll Brothers' petition to vacate to the Philadelphia County Court of Common Pleas. Thus, any transfer-related claims implicating venue have been waived. **See Hvizdak v. Linn**, 190 A.3d 1213, 1223 n.2 (Pa.Super. 2018) ("[A] party waives his objection to an order transferring venue unless he files an appeal within thirty days after entry of the order."). Accordingly, the proper venue for Toll Brothers' petition to vacate is indisputably situated in Philadelphia County, which was the location of the arbitration hearings in the instant case.[4] **Accord** 42 Pa.C.S. §§ 7319(1), 7342(a) (providing that § 7319(1) applies to common law arbitrations and requires that all applications related to an arbitration be made "in the county in which the hearing was held").

The much narrower issue posed in this appeal is whether it was proper for the trial court to confirm an arbitration award where a petition to vacate

---

[4] "Subject matter jurisdiction and venue are distinct. . . . [S]ince jurisdiction references the power of a court to entertain and adjudicate a matter while venue pertains to the locality most convenient to the proper disposition of a matter, venue can only be proper where jurisdiction already exists." **Schultz v. MMI Products, Inc.**, 30 A.3d 1224, 1227 (Pa.Super. 2011) (internal citation and quotation marks omitted).

was pending in a separate county. With respect to Toll Brothers' petition to vacate that was filed in an incorrect venue, Pennsylvania law provides a straightforward solution to such erroneous submissions:

> If an appeal **or other matter** is taken to or brought in a court . . . of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court . . . **shall** not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, **where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed** . . . ."

42 Pa.C.S. § 5103(a) (emphases added).

Instantly, there is no dispute that Toll Brothers' petition to vacate was filed within thirty days of the entry of a final award by the arbitrator. **Accord Civan**, **supra** at 499 (citing 42 Pa.C.S. § 7342). Pursuant to the imperative language of § 5103(a) quoted above, the petition to vacate should have been transferred to the Philadelphia County Court of Common Pleas and, critically, treated as if it had been timely filed.

Our review of the certified record leaves no question that the trial court was fully aware of the Bucks County filing prior to confirming the instant arbitration award. **See** N.T. Hearing, 8/15/18, at 11-15. Moreover, Toll Brothers explicitly asserted that even if venue was improper in Bucks County, their petition to vacate had been timely filed and should be transferred in lieu of dismissal. **See** N.T. Hearing, 9/26/18, at 9, 13 ("It is not disputed that a [p]etition to [v]acate was filed, and it was filed timely and that it remains pending in the Bucks County [c]ourt.").

- 9 -

Nonetheless, the trial court confirmed Appellees' final award without addressing the merits of Toll Brothers' timely-but-errantly filed petition to vacate. This was error. **See Civan**, **supra** at 499 (holding that the trial court properly refused to confirm a common law arbitration award where a petition to vacate was filed within thirty days of the date of the award). The mere fact that Toll Brothers' petition was filed in the wrong venue does not render it a legal nullity. **See**, **e.g.**, **Commonwealth v. Gross**, 101 A.3d 28, 36 (Pa. 2014) ("As venue is predominantly a procedural matter, and pertains to the locality most convenient to the proper disposition of a matter, dismissal is disproportionate and unjust where a court merely finds another judicial district provides a more appropriate forum." (internal citations and quotation marks omitted)).

Accordingly, we vacate the order of the trial court confirming the arbitration award in favor of Appellees and we remand this case for further proceedings consistent with this memorandum. Specifically, we direct the trial court to treat Toll Brothers' petition to vacate as timely filed in the proper venue pursuant to § 5103(a), consistent with the unchallenged transfer of Toll Brothers' petition to vacate from Bucks County to Philadelphia County.[5]

Order vacated. Case remanded. Jurisdiction relinquished.

---

[5] Due to the nature of our holding, we express no opinion as to the ultimate merits of Toll Brothers' substantive arguments challenging confirmation of the final arbitration award.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2020