555 A.2d 912

**COMMONWEALTH of Pennsylvania ex rel. Barry SALTZBURG**

v.

**Thomas A. FULCOMER, Superintendant Huntingdon Prison.**

**Appeal of Barry SALTZBURG.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1988.

Filed March 7, 1989.

Thomas J. McBride, Philadelphia, for appellant.

Joseph J. Mittleman, Assistant District Attorney, Media, for appellee.

Before CAVANAUGH, WIEAND and McEWEN, JJ.

McEWEN, Judge:

We here consider an appeal from an order [1] which denied, without a hearing, the petition for writ of habeas corpus,

1. The specific order from which this appeal has been taken provided:

filed by appellant in the Common Pleas Court of Delaware County, in which appellant asserted that the Pennsylvania Board of Probation and Parole and the Bureau of Corrections were holding him in confinement in violation of the equal protection and due process clauses of the United States Constitution.

Appellant was found guilty after a jury trial on October 20, 1981, and was sentenced by the eminent Judge Melvin G. Levy to serve consecutive terms of imprisonment of from three years to six years for robbery and from two years to four years for criminal conspiracy. This Court on direct appeal affirmed the judgment of sentence. *Commonwealth v. Saltzburg*, 324 Pa.Super. 621, 472 A.2d 1166. The Supreme Court denied the petition for allowance of appeal. *Commonwealth v. Saltzburg*, No. 244 E.D., 1984; July 30, 1984.

The record reveals that on December 29, 1986, appellant was transferred from the state prison at Huntingdon to a Community Service Center in Allentown. Four months thereafter, however, on April 20, 1987, appellant was, as a result of a misconduct charge, removed from the Community Service Center in Allentown and returned to prison confinement. The misconduct charge arose from a criminal complaint against appellant charging the offense of "former convict not to own firearm," 18 Pa.C.S. § 6105. The charge was dismissed at the preliminary hearing on October 13, 1987, as a result of the failure of the Commonwealth to establish a *prima facie* case. Appellant alleges that although the misconduct charge was also dismissed with prejudice, he was not returned to the Community Service Center but remained incarcerated in state prison. Appellant became eligible for parole in October of 1987. As a

AND NOW, this 2nd day of March, 1988, a petition for writ of habeas corpus having been filed on behalf of defendant Barry Saltzburg, and the Court having scheduled a hearing for March 8, 1988 on said petition, and it appearing to the Court that ... this Court has no authority to grant the relief sought in said petition, it is ORDERED that the rule heretofore allowed on said petition shall be and the same hereby is vacated, and the hearing scheduled for March 8, 1988 is cancelled.

result, counsel for appellant undertook the following correspondence:

A letter of October 15, 1987, to appellant's counselor in the prison confirming that appellant was eligible for parole and that the misconduct charge had been dismissed with prejudice.

A letter of November 20, 1987, to the secretary for the Board of Probation and Parole confirming (1) that the delay that had occurred to that date was not due to any criminal or misconduct charges, and (2) that the Board would very shortly render a decision upon the parole status of appellant.

The Parole Board did not reach a decision when it considered appellant's application for parole, but instead, on December 8, 1987, continued the case "pending the receipt of additional information."

Appellant, thereafter, in February of 1988, filed the instant petition for writ of *habeas corpus* alleging that:

Appellant had been released from total confinement to a program administered by the Bureau of Corrections which provided for less than total confinement.

When appellant was unable to provide information to officers of several law enforcement agencies, the State Police contrived to secure the issuance of a search warrant and charge of misconduct against appellant. The misconduct charge was subsequently dismissed.

Criminal charges brought against appellant were subsequently dismissed by reason of the failure of the Commonwealth to present a prima facie case against appellant.

Appellant is eligible for release (1) into the program to which he had earlier been admitted, or (2) under parole. The Bureau of Corrections refuses to release appellant into a program of less than total confinement, and the Board of Probation and Parole refuses to act upon his application for parole, by reason of a conspiracy between and among representatives of the Pennsylvania Board of Probation and Parole, the Pennsylvania State Police, the

Philadelphia Police Department, the District Attorney of Philadelphia County, and the District Attorney of Bucks County so as to force appellant into providing information upon criminal activity of which they presume he is aware.

We focus first not upon relief, but upon recourse. The threshold issue is not whether appellant is entitled to release, but whether he is to have access to a forum and the opportunity to prove his assertions that the forces of government have conspired to deny him the rights guaranteed by the Constitution and afforded him by statute.[2] The forum where his case is to be heard is, of course, to be determined by the type of relief he seeks.

■ The thrust of appellant's claim against the Bureau of Corrections is that it failed to act in accordance with its own regulations by not reinstating him to the Community Service Center after the dismissal of the misconduct charge against him. Appellant does *not* seek *review* of a decision of the Bureau of Corrections. Rather, appellant seeks an

---

**2.** It has become routine in the past decade or more for the plainclothes police, in a fashion only mildly variant from the infamous "press gangs" of another century, to impress criminals into government service as informers, so that the accused becomes accuser. There is intense disagreement among jurisprudential scholars as to the ethicity of permitting government agents to enlist informants with blandishments composed of "offers which cannot be refused". It is not helpful to address the suggestion that the police conduct these efforts in such tandem with the media that they appear as surrogates, or even acolytes, for the media. There is, however, an undisputed evil, namely, the great potential for the offeree, tempted by the benefits and rewards to be reaped, to falsely implicate individuals by telling the plainclothes police what they make so obvious they want to hear. The argument is made that the urgent errand of the plainclothes police requires the use of such blandishments to secure information. Surely, however, no one would suggest that the plainclothes police may employ the terror of extended incarceration to secure information, since whatever the possibility that lies will follow promise of reward, the potential for falsehood is even greater in the face of threats of continued imprisonment. It is undisputed that the natural law demands that society be protected from the marauder. On the other hand, the Constitution proclaims that every citizen is worthy of protection from police abuse. To preserve the precious balance between the need to protect society and the mandate of the equal protection clause, is the charge of the courts. Thus appellant has a right to a forum.

order directing the Bureau to act in conformity with its own regulations. Bureau of Corrections Administrative Directive 301 states:

V. *Sanctions*

A. No sanction shall be imposed for any misconduct charge, for which the inmate is found not guilty.

Appellant was removed from the Community Service Center and returned to prison as a result of the charge of misconduct. The essence of his claim is that, once the misconduct charge was dismissed, the failure to return him to the Community Service Center composes an imposition of sanction, and that such a sanction violates the Bureau of Corrections' own regulation, 301(V)(A). It is well settled that administrative regulations which are duly authorized and promulgated have the same force and effect as law, and are binding upon the agency. *Girard School District v. Pittenger,* 481 Pa. 91, 392 A.2d 261 (1978); *Fumo v. Commonwealth Insurance Dept.,* 58 Pa.Cmwlth. 392, 427 A.2d 1259 (1981). Appellant seeks to force the Bureau of Corrections to comply with its own regulations, which have the same effect as a statute, and to return appellant to the Community Service Center in Allentown.

It is thus evident that appellant seeks to compel the Bureau of Corrections to act, and that, therefore, his method of remedy is that of mandamus, and not of habeas corpus. The Pennsylvania Supreme Court has stated:

A mandamus is an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy. *Philadelphia Newspaper, Inc. v. Jerome,* 478 Pa. 484, 387 A.2d 425 (1978). A court of law of competent jurisdiction issues a mandamus to a public official, board or municipality directing them to perform a particular duty which results from their official station or operation of law. *Goodman v. Meade,* 162 Pa.Super. 587, 60 A.2d 577 (1948). A mandamus will not lie to compel discretionary

acts, *Paige v. Pa. Bd. of Parole,* 311 F.Supp. 940 (E.D.Pa. 1970), nor will it be issued to restrain official activities. *Board of Com'r. of Potter County v. Turner,* 33 Pa. Cmwlth. 639, 382 A.2d 1248 (1978). A proceeding in mandamus is available to compel the Board of Probation and Parole to conduct a hearing or correct a mistake in applying the law. *Davis v. Pa. Bd. of Parole,* 484 Pa. 157, 398 A.2d 992 (1979); *Moore v. Roth,* 231 Pa.Super. 464, 331 A.2d 509 (1974).

*Bronson v. Pennsylvania Board of Parole,* 491 Pa. 549, 554, 421 A.2d 1021, 1023 (1980).

■ Appellant's assertions against the Parole Board are also in the nature of mandamus since appellant does not challenge the discretionary nature of a decision by the Parole Board, but claims that the Board refuses to act upon his application for parole, which, if proven, is a violation of 61 P.S. § 331.22.[3] Consequently, we must treat the instant proceeding, for purposes of determining the issues on the merits, as mandamus in character.[4]

■ The trial court here quite understandably reasoned that it did not have authority to grant the relief requested by appellant in light of the decision of the Commonwealth Court in *Reider v. Commonwealth of Pennsylvania Board of Probation and Parole,* 100 Pa.Cmwlth. 333, 514 A.2d 967 (1986). In *Reider,* however, the Commonwealth Court held that *decisions* of the Parole Board are not subject to

3. Act of August 6, 1941, P.L. 861, § 22, as amended, Act of May 27, 1943, P.L. 767, § 11, 61 P.S. § 331.22. This Act provides, in relevant part, that an "[a]pplication [for parole] shall be disposed of by the board within six months of the filing thereof. Except in cases where the Pardon Board has reduced a minimum term by commutation, the board shall initially act on the application, if possible, before the expiration of the minimum term so fixed, and in no case more than thirty days thereafter."

4. Errors in form are viewed with great tolerance by modern courts. *Bell Telephone Co. of Pa. v. B & O R.R.,* 155 Pa.Super. 286, 38 A.2d 732 (1944); *See also: Bronson v. Commonwealth Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980) (civil action in form of mandamus, although not mandamus in character, reviewed by court as constitutionally guaranteed appeal); *Pridgen v. Board of County Commissioners,* 389 So.2d 259 (Fla.Dist.Ct.App.1980); *Appeal of Connolly,* 122 N.H. 678, 448 A.2d 422 (1982); 1A C.J.S. Actions § 73.

judicial review. Appellant does not seek judicial review of the discretionary decisions of the Bureau of Corrections or Board of Probation and Parole, but seeks instead to compel these state agencies to act in accordance with the regulations to which each is subject. Thus, it would seem, *Reider* is inapplicabale.

▮ Having concluded that the claims presented in the writ of habeas corpus are essentially different from those raised in *Reider v. Commonwealth of Pennsylvania Board of Probation and Parole, supra,* and are, as a result, subject to judicial review, we must determine which court entertains proper jurisdiction over such matters.

Section 761 of the Judicial Code provides, *inter alia:*
(a) **General Rule.**—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

(i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court;

(ii) eminent domain proceedings;

(iii) actions or proceedings conducted pursuant to Chapter 85 (relating to matters affecting government units);

(iv) actions or proceedings conducted pursuant to the Act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act; and

(v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

(2) By the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings.

42 Pa.C.S. § 761(a).

Although appellant brought the instant action in the form of habeas corpus, a proceeding specifically excepted from

the original jurisdiction of the Commonwealth Court by 42 Pa.C.S. § 761(a)(1)(i), the action is, under the preceding analysis, in essence and nature, of mandamus and, thus, within the original jurisdiction of the Commonwealth Court pursuant to 42 Pa.C.S. § 761(a)(1). *See also: Green v. Pennsylvania Board of Probation and Parole,* 56 Pa. Cmwlth. 408, 424 A.2d 639 (1981). Accordingly, we transfer this matter to the Commonwealth Court.

Case transferred.