657 A.2d 985

**William MAUTE, Appellant,**

v.

**Frederick FRANK, Superintendent Sharon Stickler, Unit Manager Sergeant Booterbaugh, Mr. Palko, C.O. 1 Mr. Schreier, Chaplain Mr. Ramirez, C.O. 1.**

Superior Court of Pennsylvania.

Submitted Jan. 9, 1995.

Filed April 24, 1995.

William Maute, appellant, pro se.

Robert S. Englesberg, Pittsburgh, for appellees.

Before POPOVICH, JOHNSON and HESTER, JJ.

HESTER, Judge:

William Maute appeals from the July 20, 1994 order dismissing this action based on application of the doctrine of sovereign immunity. We affirm in part, reverse in part, and transfer this case to the Commonwealth Court.

Appellant instituted this action against the superintendent and other personnel in charge of the operation of the prison where he is incarcerated, the State Correctional Institution at Cresson, Pennsylvania. Defendant-appellees include Frederick Frank, individually and in his capacity as Superintendent of the facility; Sharon Stickler, individually and in her capacity as Unit Manager of D Block of the facility; Robert Booterbaugh, individually and in his capacity as Sergeant of the Guards of the facility; Rodger Palko, individually and in his capacity as a correctional officer of the facility; Donald Schreier, individually and in his capacity as Chaplain of the facility; and Robert Ramirez, individually and in his capacity as a correctional officer of the facility.

In the complaint, appellant alleges that he has been prevented from practicing his Native American religion in violation of his constitutional right of freedom of religion. Appellant requests both injunctive relief, specifically that appellees be restrained from continuing to prevent him from practicing his Native American religion, and monetary relief.

This appeal followed dismissal of the entire complaint based on application of the doctrine of sovereign immunity and on the trial court's conclusion that appellant would not be able to amend his complaint to state a viable cause of action.

Appellant contends that appellees are denying him the right to use and carry "items" which he needs "to properly practice his Native American Religion and way of life" and to wear his hair of a length needed to properly practice the religion, in violation of the federal and state constitutions and of federal law applicable to Native Americans. Appellant's brief at 4. He alleges that the items he wishes to carry or wear are neither illegal nor dangerous.

In light of these allegations, we believe that the trial court applied the doctrine of sovereign immunity too expansively in this action. To the extent that appellant seeks redress against appellees in their individual capacity and requests monetary damages against them individually, sovereign immunity does apply. *Borough of Jefferson v. Century III Associates,* 60 Pa.Commw. 94, 430 A.2d 1040 (1981), vacated on other grounds, 498 Pa. 57, 444 A.2d 665 (1989). However, it also is clear that appellant has instituted this action against appellees in their official capacities to compel them to allow appellant to exercise the practice of his religion. Further, appellant alleges in the complaint that these appellees were responsible for promulgating and implementing the policies that were applied unconstitutionally in this case.

Thus, this action also is one in the nature of mandamus. *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 493 A.2d 1351 (1985) (action is one lying in mandamus if it is instituted to compel official performance of a duty where there is a legal right in the plaintiff and a corresponding duty in the defendant); *Madden v. Jeffes,* 85 Pa.Commw. 414, 482 A.2d 1162 (1984) (inmates who asserted that prison officials were violating the inmates' first amendment rights stated cognizable mandamus claim).

Furthermore, since the complaint states a viable mandamus claim, we will treat that portion of the action as such, regardless of the fact that the complaint is not titled properly

as one involving mandamus. *See Commonwealth ex rel. Saltzburg v. Fulcomer,* 382 Pa.Super. 422, 555 A.2d 912 (1989) (although action was titled as one involving habeas corpus relief, it was clear that petitioner's action was one for mandamus to compel certain officials to act in conformity with the regulations governing their public body and therefore, was treated as such).

Actions in mandamus are not subject to the defense of sovereign immunity. *Madden v. Jeffes, supra,* 85 Pa.Commw. 414, 482 A.2d 1162. Accordingly, the portions of the complaint pertaining to appellees in their official capacity and seeking to enforce appellant's constitutional rights were dismissed improperly based upon application of the doctrine.

The action may proceed on the mandamus claims.[1] Original jurisdiction over such actions lies in the Commonwealth Court of Pennsylvania, *Madden v. Jeffes, supra,* 85 Pa.Commw. 414, 482 A.2d 1162, and therefore we must transfer this action to that court. *Commonwealth ex rel. Saltzburg v. Fulcomer, supra,* 382 Pa.Super. 422, 555 A.2d 912.

Order reversed in part. Action transferred to the Commonwealth Court.

---

1. We express no opinion as to the possible merits of appellant's mandamus claims. Our decision rests solely upon the fact that the entire complaint improperly was dismissed based upon the doctrine of sovereign immunity.