J-S20028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, EX REL. MICHAEL GRILL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GARY ABRAMS, DIRECTOR:  ET AL., JOHN DOE'S AND JANE DOE'S TO BE NAMED/ PROGRESS CCC., WAYNESBURG, PENNSYLVANIA | |
| APPEAL OF:  MICHAEL GRILL | No. 1422 WDA 2015 |

Appeal from the Order Entered August 6, 2015
In the Court of Common Pleas of Greene County
Civil Division at No(s): 75 A.D. 2015

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                         **FILED MAY 18, 2016**

Appellant, Michael Grill, appeals *pro se* from the order entered on August 6, 2015, dismissing his writ of *habeas corpus*.  Upon careful review of the record, we transfer this case to the Commonwealth Court.

We briefly summarize the background of this case as follows. Appellant is a convicted sex offender who was released on parole from prison to a secured facility in Greene County known as the Progress Community Corrections Center (Progress).  Sometime after his release on parole, Appellant filed a *pro se* writ of *habeas corpus* that challenged his confinement at Progress, arguing that, although paroled, he remained essentially incarcerated.  On behalf of the above-named defendants, general

*Retired Senior Judge assigned to the Superior Court.

counsel for the Commonwealth (the Commonwealth) filed a motion to consolidate Appellant's case with 21 other sex offender petitioners who raised identical claims in similar filings.

On May 12, 2015, the trial court granted the Commonwealth's motion to consolidate the 22 cases. Thereafter, on May 18, 2015, the trial court ordered the Commonwealth to respond to the writs of *habeas corpus*, including the one filed by Appellant. The Commonwealth complied on July 6, 2015, arguing that all of the petitioners, including Appellant, "were unable to secure an appropriate home plan prior to release from their respective state correctional institutions" as required, but were paroled nevertheless "to afford [them] an opportunity to maintain sexual offender counseling." Brief in Support of Motion to Dismiss, 7/6/2015, at 9. The Commonwealth argued that there was nothing arbitrary or punitive about housing Appellant at Progress, he was aware of the conditions of his parole prior to accepting them, and he could have opted to stay in prison until an alternate home plan was approved. *Id.* at 11-12.

By order filed on August 6, 2015, the trial court denied Appellant relief without a hearing. Appellant filed a notice of appeal. The trial court filed an order on October 21, 2015, directing the Prothonotary to transmit the case file to this Court for appeal. The trial court did not prepare an opinion pursuant to Pa.R.A.P. 1925(a).

The thrust of Appellant's complaint is that his grant of parole was illusory, because he was subsequently released from prison to a secured

- 2 -

facility, Progress, which restricts his freedom in the same way as a state correctional facility.

Initially, we confront whether Appellant properly filed his claims before the Court of Common Pleas or whether his claims fall within the original jurisdiction of the Commonwealth Court. With exceptions not applicable here, "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings [...a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity." 42 Pa.C.S.A. § 761(a)(1). In a challenge to the Board of Probation and Parole action in parole matters, the nature of the allegations of the error and the relief sought determine whether the case comes within the Commonwealth Court's original jurisdiction. *McGriff v. Com.*, 809 A.2d 455, 458 (Pa. Cmwlth. 2002), *affirmed per curiam*, *McGriff v. Pennsylvania Bd. of Probation and Parole*, 838 A.2d 564 (Pa. 2003). "Jurisdiction over complaints sounding in mandamus[1] against State agencies administering the parole system, where

_____

[1] We recognize that Appellant filed a petition for writ of *habeas corpus* in this matter, however, we previously determined that where "a complaint states a viable mandamus claim, we will treat that portion of the action as such, regardless of the fact that the complaint is not titled properly as one involving mandamus." *See Commonwealth ex. rel. Saltzburg v. Fulcomer*, 555 A.2d 912 (Pa. Super. 1989) (although action was titled as one involving *habeas corpus* relief, it was clear that petitioner's action was one for mandamus to compel certain officials to act in conformity with the regulations governing their public body and therefore, was treated as such). In "stating a cause of action in mandamus to compel performance of a ministerial act[, ...p]etitioners must establish that they have a clear legal right, that the respondents have a corresponding legal duty, and that there
*(Footnote Continued Next Page)*

the complaint is not a direct or collateral attack on the conviction or sentence, is vested exclusively in the Commonwealth Court." **Id.** (citation omitted). After careful review, we conclude that Appellant's claims, while framed as a *habeas corpus* action, state an action sounding in mandamus against an agency administering the parole system. As such, jurisdiction over Appellant's claims falls within the exclusive original jurisdiction of the Commonwealth Court.

The situation presented to the Commonwealth Court in **Barge v. Pennsylvania Board of Probation and Parole**, 39 A.3d 530 (Pa. Cmwlth. 2012) provides support to our conclusion. In **Barge**, incarcerated sex offenders filed a mandamus action before the Commonwealth Court pursuant to the Court's exclusive original jurisdiction. Therein:

> Appellants, who [were] represented by counsel, [were] convicted sexual offenders sentenced to state prison time[.] [They] qualified for and [had] been "granted" parole by the Pennsylvania Board of Probation and Parole ("PBPP"), which determined that they present[ed] no or low risk of harm to society. But, in their cases at least, the grant of parole was illusory: their release to halfway houses (whether run by the Department of Corrections ("DOC") or contracted by the DOC and run by private operators) ha[d] been delayed significantly longer than the release times for non-sexual offenders who [were] also [] found to pose no or low risk to society and granted parole. Appellants argue[d]: (1) that the DOC's inability or refusal to ensure their release and placement into halfway houses within a time frame comparable to that of non-sexual offenders wrongly

*(Footnote Continued)* ————————————

is no other adequate or appropriate remedy at law." **Madden v. Jeffes**, 482 A.2d 1162, 1165 (Pa. Cmwlth. 1984).

> interfere[d] with and usurp[ed] PBPP's core statutory authority to grant parole; and (2) that there [was] no rational basis for this different treatment of sexual offenders, which therefore violate[d] their equal protection rights under the U.S. and Pennsylvania Constitutions.
>
> *          *          *
>
> In a published opinion, the Commonwealth Court rejected appellants' statutory claim, agreeing with the DOC that while the PBPP's governing statutes empower it to grant parole, the statutory authority in place at the time relevant here did not authorize the PBPP to actually place inmates in halfway houses, force the DOC to accept all parolees, or operate its own halfway houses where inmates like appellants might be more easily admitted. **Barge v. Pa. Bd. of Prob. & Parole**, 39 A.3d 530, 542–543 (Pa. Cmwlth. 2012).

**Barge v. Pennsylvania Bd. of Probation and Parole**, 96 A.3d 360, 361

(Pa. 2014) (Castille, concurring).

The nature of the claims raised in **Barge** are similar to those advanced in the present case and lead us to conclude that the instant claims fall within the scope of the Commonwealth Court's exclusive original jurisdiction. In **Barge**, imprisoned sex-offenders challenged the DOC's and/or the PBPP's failure or refusal to release them to halfway houses despite their paroled status. Here, Appellant challenges the decision to parole him to a halfway house, claiming that the residential restrictions constitute imprisonment. In both cases, the challenges sought to compel certain officials to act in conformity with the regulations governing their public body. For this reason, we transfer this case to Commonwealth Court and relinquish jurisdiction.

Case transferred to Commonwealth Court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2016