IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Garcia,                            :
           Appellant                 :
                                     :
                                     :
        v.                              :
                                     :
Patricia Howell, John Steinhart,          :   No. 800 C.D. 2018
and Correct Care Solutions               :   Submitted: February 15, 2019


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: August 23, 2019


      Robert Garcia (Garcia), *pro se*, appeals from the March 15, 2018 order of the Court of Common Pleas of Schuylkill County (trial court) dismissing Garcia's complaint against Patricia Howell (Howell), John Steinhart (Steinhart) and Correct Care Solutions (CCS) as frivolous. The trial court concluded that Garcia's claims lacked an "arguable basis either in law or fact" and denied Garcia's petition to proceed *in forma pauperis* pursuant to Pennsylvania Rule of Civil Procedure No. 240(j)(1). Upon review, we affirm.

      Garcia is an inmate at the State Correctional Institution (SCI) Mahanoy. Original Record (O.R.), Complaint at 1, ¶ 1. Garcia tested positive for the Hepatitis C antibody during routine bloodwork. *Id.* at 2, ¶ 6. On August 12, 2017, Garcia went to "sick call" to seek treatment for Hepatitis C. *Id.* at 2, ¶ 5. On February 22, 2018, Garcia filed a complaint with the Schuylkill County Court of Common Pleas,

asserting various claims stemming from the alleged failure to provide medical treatment. *Id.* at 1 & 4-6, ¶¶ 16-31. Garcia noted that Hepatitis C is the leading cause of cirrhosis of the liver and liver cancer, and that it can cause serious chronic liver disease, liver fibrosis and death. *Id.* at 2, ¶ 8. Garcia contended that if a person tests positive for the Hepatitis C antibody, the next step is to determine whether the infection is "active," which includes, but is not limited to, determining whether the person has a "viral load." *Id.* at 2, ¶ 9. Garcia asserted that despite his repeated requests, he has not received a complete Hepatitis C workup and has not received treatment for the disease or his symptoms, causing him pain, suffering, emotional distress and liver damage. *Id.* at 2-3, ¶ 11.

Garcia's complaint contains three counts. Count I against Howell is titled "Misfeasance and Nonfeasance" and claims Howell, identified as being employed as a registered nurse supervisor, is liable for having "a practice of failing to take any corrective action as grievance officer when medical complaints [were] brought to her attention by grievance." *Id.* at 1, ¶ 2 & 4, ¶ 17. In Count II, Garcia averred medical malpractice against Steinhart, the chief health care administrator, and states Steinhart was negligent in failing to approve a complete Hepatitis C workup when Garcia tested positive for the Hepatitis C antibody, as Steinhart had a duty to determine whether Garcia had a "viral load." *Id.* at 5, ¶ 23. In Count III, Garcia averred that CCS, the current health care provider for all Department of Corrections (DOC) facilities, had a policy, practice or custom of failing to provide Hepatitis C workups and treatment when prisoners tested positive for the Hepatitis C antibody, thereby exhibiting deliberate indifference to his (and all inmates) constitutional rights, for which he is entitled to damages pursuant to 42 U.S.C. § 1983. Complaint at 6, ¶¶ 28 & 30.

The evaluation of Garcia's complaint by the trial court arose as a result of Garcia filing a petition to proceed *in forma pauperis*. O.R., Application for Leave

2

to Proceed in Forma Pauperis, 2/22/18 at 1. The trial court denied Garcia's petition to proceed *in forma pauperis* on March 15, 2018, finding Garcia's causes of action to be frivolous pursuant to Pennsylvania Rule of Civil Procedure No. 240(j). O.R., Trial Court Order, 3/15/18. The trial court observed that the claims made by Garcia lacked "an arguable basis either in law or fact." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)). Garcia requested and was granted leave to appeal *in forma pauperis*. Trial Court Order, 6/5/18.

Pennsylvania Rule of Civil Procedure No. 240(j)(1) provides as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Id.* at Note (*quoting Neitzke*, 490 U.S. at 325). Under Rule 240(j), an action is frivolous "if, on its face, it does not set forth a valid cause of action." *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997) (citing *Keller v. Kinsley*, 609 A.2d 567 (Pa. Super. 1992)). As we review the trial court's decision regarding Garcia's complaint, we are mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted. *Hill v. Thorne*, 635 A.2d 186, 189 (Pa. Super. 1993). Further, we are mindful that our "[a]ppellate review of a decision dismissing an action pursuant to Pa.R.C.P. No. 240(j)(1) is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

3

While Count I of Garcia's complaint, against Howell, is titled "Misfeasance and Nonfeasance,"[1] this Count, with the prior averments incorporated therein, arguably states a cause of action for negligence.[2] In addition to those facts cited above relating to Garcia's failure to receive a complete Hepatitis C workup after he tested positive, and although not stated in sequential order, Garcia's complaint alleges:

> 2. Defendant, Patricia Howell, is an adult individual and resident of the Commonwealth of Pennsylvania who was at all times mentioned herein employed at the State Correctional Institution Mahanoy . . . as Registered Nurse Supervisor.
>
> . . .
>
> 19. Defendant [] Howell [] is under a duty as Grievance Officer to take any corrective action as grievance officer when medical complaints are brought to her attention by grievance.
>
> . . .

---

[1] Misfeasance and nonfeasance are common law offenses. *Commonwealth v. Bellis*, 494 A.2d 1072, 1073 (Pa. 1985). "[T]he common law offenses of misfeasance . . . and nonfeasance in office occur when there is either the breach of a positive statutory duty or the performance *by a public official* of a discretionary act with an improper or corrupt motive." *Id.* (citation and internal quotation marks omitted) (emphasis added).

[2] The title of a claim is not necessarily determinative, as our courts have treated claims based on the substance of the allegations. *See, e.g.*, *Zernhelt v. Lehigh Cty. Office of Children and Youth Servs.*, 659 A.2d 89, 90 (Pa. Cmwlth. 1995) (treating a count titled "negligent infliction of emotional distress" as a claim for intentional infliction of emotional distress); *Maute v. Frank*, 657 A.2d 985, 986 (Pa. Super. 1995) (stating that a mandamus claim will be treated as such despite inappropriately titled); *Commonwealth ex rel. Saltzburg v. Fulcomer*, 555 A.2d 912, 914 (Pa. Super. 1989) (action was treated as mandamus claim despite being titled as one involving habeas corpus relief).

4

17. Defendant [] Howell [] had a practice of failing to take any corrective action as grievance officer when medical complaints are brought to her attention by grievance.

. . .

14. The Defendants' actions and inactions have caused and continue to cause [Garcia] pain, suffering and emotional distress.

. . .

WHEREFORE, Plaintiff, Robert Garcia, respectfully requests this Court . . . invoke tort remedies deemed reasonable and prudent for resolving this problem, calculated to eliminate this problem and make sure they do not return, along with costs of suit, exemplary damages to the extent permitted by law, and such other relief as the Court deems just and proper.

Complaint at 1-4, ¶¶ 2, 14, 17 & 19. While perhaps inartfully stated, Garcia has arguably stated a claim alleging the elements of negligence (duty, breach, causation and damages) against Howell.

However, even if a cause of action has been sufficiently stated against Howell, whether that claim is for an intentional act or negligence, Count I could not succeed if Howell is entitled to sovereign immunity. "[A]n employee of a Commonwealth agency is immune from suit when the employee is acting within the scope of his or her employment and the claim against the employee does not fit into any category in which sovereign immunity has been waived." *Bronson v. Lechward*, 624 A.2d 799, 801 (Pa. Cmwlth. 1993) (citing *La Frankie v. Miklich*, 618 A.2d 1145 (Pa. Cmwlth. 1992)). Immunity is not waived for intentional torts committed within the scope of employment. *La Frankie*, 618 A.2d at 1149 (citing *Yakowicz v.*

5

*McDermott*, 548 A.2d 1330 (Pa. Cmwlth. 1988)). The test to determine if a Commonwealth employee is protected from liability by sovereign immunity for a negligent act is "to consider whether: "the Commonwealth employee was acting within the scope of his or her employment"; "the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense"; and "the act fits within one of the nine exceptions[3] to sovereign immunity." *La Frankie*, 618 A.2d at 1149 (citing *Yakowicz*).

In his complaint, Garcia claims that Howell acted in her capacity as grievance officer. He did not, however, allege facts that would support a conclusion that Howell acted outside the scope of her employment; nor, relative to his negligence claim, did he assert any facts to support a determination that her actions fit into any of the exceptions to sovereign immunity found in Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b). Therefore, as Garcia did not aver that Howell was acting outside the scope of her duties when he was allegedly harmed, and did not claim that Howell's actions were within any exception to sovereign immunity, we conclude that the trial court correctly determined that Count I was frivolous. *See Bronson*, 624 A.2d at 801-02 (holding that where plaintiff did not aver that Commonwealth employees acted outside scope of their duties and that Commonwealth employees' actions were within any exception to sovereign immunity, trial court correctly determined that employees were immune from suit and that suit was frivolous).

---

[3] The nine exceptions to sovereign immunity relate to: vehicle liability; medical professional liability; care, custody or control of personal property; Commonwealth real estate, highways and sidewalks; potholes and other dangerous conditions; care, custody or control of animals; liquor store sales; National Guard activities; and toxoids and vaccines. 42 Pa.C.S. § 8522(b).

6

Count II of Garcia's complaint alleges medical malpractice against Defendant Steinhart, contending that he was negligent in failing to approve a complete Hepatitis C workup when Garcia tested positive for the Hepatitis C antibody. Complaint at 5, ¶ 22. Pennsylvania Rule of Civil Procedure No. 1042.3(a) requires that Garcia, with the complaint, or within 60 days of its filing, file a certificate of merit that an:

> (1) appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. No. 1042.3(a)(1)-(3).

Generally, where a plaintiff asserts that expert testimony is unnecessary for prosecution of the claim, he is bound by such assertion and will thereafter be precluded from presenting testimony on the issues of standard of care and causation.[4]

---

[4] The Note to Pennsylvania Rule of Civil Procedure No. 1042.3(a)(3) provides as follows:

> In the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim, in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation.

*See* Pa.R.C.P. No. 1042.3(a)(3), Note.  Here, Garcia claims that expert testimony of

an appropriate licensed professional is unnecessary for prosecution of his claim and

provided a certificate making this assertion.  In medical malpractice cases, courts

> require detailed expert testimony because a jury of laypersons generally lacks the knowledge to determine the factual issues of medical causation; the degree of skill, knowledge, and experience required of the physician; and the breach of the medical standard of care.  In contrast, plaintiffs in *res ipsa loquitur*[5] cases rely on the jury to fill in the missing pieces of causation and negligence, inherent in their cases, with the jury's common experience. Determining whether there was a breach of duty, however, involves a two-step process: the court must first determine the standard of care; it then must examine whether the defendant's conduct measured up to that standard. Not only does the plaintiff have the burden of proving that the defendant did not possess and employ the required skill and knowledge, or did not exercise the care and judgment of a reasonable professional, he or she must also prove that the injury was caused by the failure to employ that requisite skill and knowledge. We have previously concluded that this must be accomplished with expert

---

Pa.R.C.P. No. 1042.3(a)(3), Note.

[5] *Res ipsa loquitur* is applicable when:

> (1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
>> (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
>> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
>> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Restatement (Second) of Torts § 328D (Am. Law Inst. 1965).

8

medical testimony presented at trial by doctors testifying as expert witnesses.

*Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1149 (Pa. 2003).

Garcia is bound by his assertion that he believes expert testimony is not necessary, and accordingly, the trial court will preclude Garcia from presenting testimony by an expert on the questions of standard of care and causation. *See* Pa.R.C.P. No. 1042.3(a)(3), Note. This Court has stated:

> "[G]enerally[,] when the complexities of the human body are involved expert testimony is required to aid the jury in reaching conclusions as to the cause of pain or injury." [*Wareham v. Jeffes*, 534 A.2d 1314, 1321 (Pa. Cmwlth. 1989).] The only time expert testimony will not be required for a medical malpractice claim is where the causal connection between the defendants' allegedly negligent act and the harm suffered by the plaintiff is "generally a matter of common knowledge," rendering the jury "capable through its every day experience and knowledge of comprehending the facts presented and drawing conclusions based on those facts." *Id.* Generally, such negligence rises to the level of gross incompetence.

*McCool v. Dep't of Corr.*, 984 A.2d 565, 571 (Pa. Cmwlth. 2009).

Lay persons do not have, within their common knowledge or experience, the ability to assess whether Steinhart acted negligently by failing to order a complete Hepatitis C workup for Garcia or whether the failure to provide such a workup has caused his alleged damages. *See Wareham*, 534 A.2d at 1321. Without expert testimony to establish the required standard of care and causation, Garcia's claim for medical negligence must fail. *See McCool*, 984 A.2d at 571 (holding that prison inmate's allegations were insufficient to state a claim in his action against prison medical facility doctor, brought under medical malpractice

9

exception to sovereign immunity, because his certificates of merit incorrectly stated that expert testimony was not necessary to aid the jury in reaching conclusions as to the cause of his pain or injury; the ailments in question were such that an ordinary layperson would be incapable of deciding). Therefore, the trial court's determination that this claim was frivolous is affirmed.

Finally, we examine Count III of Garcia's claim against the prison medical provider, CCS. In his brief, Garcia asserts that Count III alleges a valid cause of action against CCS as it was CCS's policy, practice and/or custom to fail to provide a Hepatitis C workup to a prisoner when the prisoner tested positive for the Hepatitis C antibody. Garcia's Brief at 10. Garcia contends that he has stated a claim for corporate negligence. Garcia's Reply Brief at 1-2.[6] However, we find that this claim lacks merit.

In *Thompson v. Nason Hospital*, 591 A.2d 703 (Pa. 1991), the Supreme Court of Pennsylvania explained the concept of corporate negligence as follows:

> Corporate negligence is a doctrine under which [a medical facility] is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient's safety and well-being while at the [medical facility]. This theory of liability creates a nondelegable duty which the [medical facility] owes directly to a patient.

*Id.* at 707. The Court recognized that a medical facility's duties have been classified into four general areas:

---

[6] CCS submitted a motion to strike Garcia's reply brief or, in the alternative, for leave to file the sur reply brief, which CCS attached to its motion. Motion to Strike at 1. We grant in part and deny in part CCS's motion to strike and will consider both Garcia's reply brief and CCS's sur reply brief."

(1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment . . . ; (2) a duty to select and retain only competent physicians . . . ; (3) a duty to oversee all persons who practice medicine within its walls as to patient care . . . ; and (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients.

*Id.* (internal citations omitted). The Court further found that "to be charged with negligence, it is necessary to show that [the medical facility] had actual or constructive knowledge of the defect or procedures which created the harm," and that "the [medical facilities] negligence must have been a substantial factor in bringing about the harm to the injured party." *Id.* at 708. Garcia fails to assert all the necessary elements of a corporate negligence claim but, rather, claims that CCS's policies, practices and customs demonstrated a "deliberate indifference" to his constitutional rights, thereby causing his damages. Complaint at 6, ¶¶ 28-31. Accordingly, Garcia's complaint does not put forth a claim of corporate negligence.

Specifically, Garcia claims that his constitutional rights were violated by the policy of CCS to deny Hepatitis C positive prisoners complete Hepatitis C workups, allowing those prisoners (and Garcia) to go untreated. Garcia requests damages as a result of the alleged constitutional violations pursuant to 42 U.S.C. § 1983. Complaint at 6.

Section 6601 of the Pennsylvania Prison Litigation Reform Act (PLRA) defines "prison conditions litigation" as "[a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison." 42 Pa.C.S. § 6601. As this Court held in *McCool*, a claim that challenges the quality of medical care at the prison, which Garcia does,

11

fits squarely within the definition of prison conditions litigation. *McCool*, 984 A.2d at 569; *see also Brown v. Dep't of Corr.*, 58 A.3d 118 (Pa. Cmwlth. 2012) (holding that an inmate's Section 1983 civil rights claim alleging a denial of medical treatment or inadequate treatment against a private entity that contracted with DOC to provide medical services to inmates, involved "the conditions of confinement" and therefore constituted "prison conditions litigation" under the PLRA, even if private entity was not a "government party").

> Section 6602(e) of the PLRA provides, in part:
>
> Dismissal of litigation.--Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>
> (1) The allegation of indigency is untrue.
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa.C.S. § 6602(e).

Garcia's claim challenges the policy of the prison medical provider, asserting that the entity providing medical treatment has shown "*deliberate indifference*"[7] in its policy of failing to provide Hepatitis workups to those who test positive for Hepatitis C, violating his constitutional rights and causing his Hepatitis

---

[7] "The phrase 'deliberate indifference' is the legal standard by which courts adjudicate cases concerning alleged unconstitutional conditions of confinement brought under the Eighth Amendment to the United States Constitution." *Jochen v. Horn*, 727 A.2d 645, 649 (Pa. Cmwlth. 1999) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

C to go untreated. Garcia's Complaint at 6, ¶¶ 27-31. This Court has held previously:

> The prohibition against cruel and unusual punishment is broad enough to proscribe "deliberate indifference to serious medical needs of prisoners [that] constitutes the 'unnecessary and wanton infliction of pain." [*Estelle v. Gamble*, 429 U.S. 97, 104 (1976).] Accordingly, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under [42 U.S.C. §] 1983." *Id.* at 105[.]

*Arocho v. County of Lehigh*, 922 A.2d 1010, 1015 (Pa. Cmwlth. 2007).

In order to establish deliberate indifference for purposes of a constitutional claim, an inmate "must, at a minimum, allege that DOC knew of and disregarded an excessive risk to their health or safety." *Jochen v. Horn*, 727 A.2d 645, 649 (Pa. Cmwlth. 1999) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 106; *see also id.* at 106 n.14 (noting that "mere allegations of malpractice do not state a claim" of deliberate indifference to serious medical needs under the Eighth Amendment of the United States Constitution).

Here, Garcia fails to allege facts that could lead to a conclusion that CCS knew of and disregarded an excessive risk to Garcia's health and safety. *See Jochen*, 727 A.2d at 649 (granting a demurrer to inmates' petition for review, where the petition "lack[ed] any allegations that DOC was aware of facts from which it could infer a substantial risk of serious harm to [inmates] or that DOC actually drew

13

such an inference and disregarded the same"); *see also Clites v. Wetzel* (Pa. Cmwlth., No. 55 C.D. 2016, filed July 28, 2016), slip op. at 2 & 11[8] (quoting *Lindsay v. Dunleavy*, 177 F. Supp. 2d 398, 402 (E.D. Pa. 2001) (affirming the trial court's dismissal as frivolous under Pennsylvania Rule of Civil Procedure No. 240(j)(1) of inmate's claim that various DOC employees exhibited deliberate indifference by failing to provide treatment following his Hepatitis C diagnosis, noting that "a disagreement between the doctor and the plaintiff as to the medical diagnosis and treatment does not constitute deliberate indifference"). As it is evident that Count III of Garcia's complaint against CCS fails on its face to set forth a valid cause of action, we affirm the trial court's dismissal of Count III.

For the foregoing reasons, the trial court order is affirmed.[9]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] This Court's unreported memorandum opinions may be cited for persuasive value. Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

[9] Because of our disposition, we need not address appellees' additional arguments with respect to the various counts.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Garcia,             :

         Appellant       :

                       :

       v.               :

                       :

Patricia Howell, John Steinhart,  :   No. 800 C.D. 2018

and Correct Care Solutions    :

## O R D E R

AND NOW, this 23rd day of August, 2019, the Motion of Appellee, Correct Care Solutions, LLC (CCS), to Strike Appellant's Reply Brief, or in the Alternative, for Leave to File the Attached Sur Reply (Motion) is GRANTED in part and DENIED in part. The Motion is granted to the extent CCS seeks leave to file the sur reply brief attached to the Motion, and denied to the extent CCS seeks to strike Robert Garcia's reply brief.

The March 15, 2018 order of the Court of Common Pleas of Schuylkill County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert Garcia, | : | |
| Appellant | : | |
| | : | No. 800 C.D. 2018 |
| v. | : | |
| | : | |
| Patricia Howell, John Steinhart, | : | Submitted: February 15, 2019 |
| and Correct Care Solutions | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge

## _OPINION NOT REPORTED_

DISSENTING OPINION
BY JUDGE McCULLOUGH                                        FILED: August 23, 2019

I respectfully dissent from the decision of the thoughtful Majority to the extent that it affirms, _sua sponte_ and on an alternative basis, the order of the Court of Common Pleas of Schuylkill County (trial court), which pre-screened the _pro se_ complaint of Robert Garcia (Garcia) under Pennsylvania Rule of Civil Procedure (Civil Rule) No. 240(j)(1) and, as part of a request to proceed _in forma pauperis_ (IFP), dismissed Count II, a professional negligence claim, prior to and without the formal involvement of any defendant(s) in the proceedings. In its opinion, the trial court concluded that Garcia's claim was "frivolous" and provided one sentence in support of its conclusion: "The filings of [Garcia] appear to be complaints about prison conditions, and as such invoke matters solely within the jurisdiction of the prison authorities." (Trial court op. at 1) (incorporating 3/15/18 Order, at 1 n.1).

Upon my review, I believe that, in *sua sponte* affirming the trial court on a different rationale, the Majority misconstrues the Pennsylvania Rules of Civil Procedure (Pa.R.C.P.), *see* Pa.R.C.P. Nos. 1042.1-1042.12, and, in the process, fails to afford Garcia his vested and entitled rights under those rules while applying them in a manner that treats unrepresented plaintiffs and indigent unrepresented plaintiffs unequally, thereby creating grave and serious questions about the constitutionality of such a practice under the Fourteenth Amendment.[1]

In Count II, Garcia asserted a professional liability negligence claim against John Steinhart (Steinhart), the chief health care administrator at the State Correctional Institution at Mahanoy. Garcia averred that Steinhart breached the standard of care in failing to order and/or approve quantitative and diagnostic testing to assess Garcia's baseline "viral load" and liver functionality following his positive antigen test results for (and confirmation that he is infected with) the Hepatitis C virus. Garcia alleged that because he has not received the necessary testing or any kind of medical treatment for Hepatitis C, he has developed symptoms, including pain, and has sustained liver damage.

Pursuant to Civil Rule No. 240(j)(1), a court of common pleas, prior to ruling on an IFP request, may dismiss an action where the court is satisfied that the action is "frivolous." Pa.R.C.P. No. 240(j)(1); *see Pelzer v. Wrestle*, 49 A.3d 926, 928 n.1 (Pa. Cmwlth. 2012). A frivolous action has been defined as one that "lacks an arguable basis either in law or in fact," Pa.R.C.P. No. 240(j)(1), Note

---

[1] U.S. Const. amend. XIV. Section 1 of the Fourteenth Amendment states, in pertinent part, "nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws." *Id.*, §1.

(citation omitted), and a complaint will be deemed frivolous if, on its face, it does not set forth a claim upon which relief can be granted. *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015). In reviewing the dismissal of a complaint under Civil Rule No. 240(j)(1), we are mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted. *Bell v. Mayview State Hospital*, 853 A.2d 1058, 1060 (Pa. Super. 2004).

Accepting the allegations in the complaint as true, as this Court must, *see Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994), Garcia has pled a *prima facie* cause of action for medical malpractice on a substantive level, and his claim falls within the exception to sovereign immunity in section 8522(b)(2) of the Judicial Code, 42 Pa.C.S. §8522(b)(2).[2] No one, not even the Majority or the trial court, disputes (or has disputed) these conclusions and, in his appellate brief, Steinhart merely claims that Garcia did not plead his claim with sufficient specificity. However, "[a]lthough [Garcia's] allegations admittedly lack some detail for our fact-pleading jurisdiction, he has nevertheless pled a plausible claim of malpractice that has an arguable basis in both fact and law." *Whitehead v. Commonwealth* (Pa. Cmwlth., No. 1075 C.D. 2014, filed January 21, 2015) (unreported),[3] slip op. at 5. Indeed, "[w]here the elements to a cause of action are

---

[2] This statutory provision states that liability may be imposed "on the Commonwealth and the defense of sovereign immunity shall not be raised for damages caused by . . . [a]cts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel." 42 Pa.C.S. §8522(b)(2) (Medical-professional liability).

[3] *Whitehead* is an unreported panel decision, which, under our Internal Operating Procedures, may be cited for its persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

adequately set forth, a *pro se* complaint will not be dismissed just because it is not artfully drafted." *Williams v. Syed*, 782 A.2d 1090, 1095 n.6 (Pa. Cmwlth. 2001) (addressing dismissal under Civil Rule No. 240(j)(1)).

Because these are the only issues that were raised and discussed by Garcia and Steinhart in their appellate briefs, and the opinion of the trial court concluded in the most cursory fashion that Garcia's claims were "frivolous" without any pertinent or justifiable reasoning, the above analysis should end this matter and the case should be remanded to the trial court for further proceedings with respect to Count II.

The Majority, however, decides to dispose of the case *sua sponte*, on alternative grounds, concluding that Count II lacked an "arguable basis either in law or fact" because Garcia filed the wrong certificate of merit (COM) in support of his claim. Slip op. at 6-9. According to the Majority, because Garcia filed a COM stating that expert testimony was unnecessary to prosecute Count II (Non-Expert COM), and the nature of the claim necessitated that Garcia file a COM attesting that an expert determined that it is reasonably probable that Steinhart breached the standard of care (Expert COM), Garcia is forever "bound by [his] assertion and will [] be precluded from presenting testimony on the issues of standard of care and causation." Slip op. at 7 (citing Pa.R.C.P. No. 1042.3(a)(3) and accompanying Note).

In my view, the Majority misreads and errs in its application of the Civil Rules relating to a Non-Expert COM and an Expert COM. Although I agree with the Majority that Garcia needs to file an Expert COM, albeit because Garcia is unrepresented in this matter, the Majority overlooks the pertinent Civil Rules.[4] In

---

[4] Pa.R.C.P. No. 1042.3(a)(1) states that,

**(Footnote continued on next page…)**

In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file [a COM] signed by the attorney or party that . . . an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm[.]

Pa.R.C.P. No. 1042.3(e) provides,

If a [COM] is not signed by an attorney, the party signing the [COM] shall, in addition to the other requirements of this rule, attach to the [COM] the written statement from an appropriate licensed professional as required by subdivisions (a)(1) . . . . **If the written statement [i.e., an Expert COM] is not attached . . . a defendant seeking to enter a judgment of non pros shall file a written notice of intent to enter a judgment of non pros for failure to file a written statement under Rule 1042.11**.

(Emphasis added).

"A defendant seeking to enter a judgment of non pros under Rule 1042.12 shall file a notice of intent to enter a judgment of non pros for failure to file a written statement from an appropriate licensed professional with the certificate of merit." Pa.R.C.P. No. 1042.11(a).

Most importantly, for present purposes, Pa.R.C.P. No. 1042.12, titled "Entry of Judgment of Non Pros for Failure to File a Written Statement from an Appropriate Licensed Professional," and the accompanying Official Note, state as follows:

(a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a written statement under Rule 1042.3(e) provided that

(1) no written statement has been filed [i.e., an Expert COM],

**(Footnote continued on next page…)**

PAM-5

short, these Civil Rules provide that the only way a defendant can enter judgment against a plaintiff for filing a Non-Expert COM, instead of filing an Expert COM, is if the defendant provides the appropriate notice and affords the plaintiff the requisite time in which to cure the deficiency and file an Expert COM. Specifically, a defendant must file a 10-day notice of intent to enter judgment, wait 30 days (including the 10-day notice time), and then, and only then, can the defendant file a praecipe directing the prothonotary to enter judgment against the plaintiff on the professional negligence claim. *See* Pa.R.C.P. No. 1042.11(a); Pa.R.C.P. No. 1042.12(a)(3). However, if the plaintiff files an Expert COM in this 30-day window, the defendant cannot file a praecipe to enter judgment and the claim cannot be dismissed. *See* Pa.R.C.P. No. 1042.12(a)(1) and Official Note.

---

**(continued…)**

> (2) the defendant has attached to the praecipe a certificate of service of the notice of intention to enter the judgment of non pros, and
>
> **(3)** the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter judgment of non pros.
>
> \* \* \*
>
> *Official Note*
>
> The prothonotary may not enter judgment if the written statement [i.e., an Expert COM] has been filed prior to the filing of the praecipe . . . .

Pa.R.C.P. No. 1042.12(a)(1)-(3) and Official Note (emphasis added).

Consequently, the plaintiff, here Garcia, is entitled to notice and 30 days to file an Expert COM prior to a judgment being entered on his claim.[5]

As noted, Steinhart did not participate in these proceedings at the trial court level and, thus, the required notice and praecipes under the Civil Rules were not filed. Moreover, the trial court did not issue any type of notice or provide Garcia with any time in which to correct his deficient COM by filing a proper COM, ostensibly because the trial court did not dismiss Count II pursuant to the Civil Rules for medical malpractice cases. Regardless, because the Majority has taken it upon itself to proceed in such a manner, I believe that a faithful and fair application of the Civil Rules compels the conclusion that the Majority has acted prematurely and erred in failing to provide Garcia, an allegedly indigent plaintiff, with the amount of time that the Civil Rules prescribe and allot to all plaintiffs in

_____

[5] If the rules quoted in the previous footnote leave any doubt for interpretation, the explanatory comment to Pa.R.C.P. No. 1042.12 should clear any ambiguity or confusion, which explains, in pertinent part, as follows:

> These proposed amendments also add a procedure for when the [COM] is not signed by an attorney. New subdivision (e) of Rule 1042.3 would require the attachment of the written statement from an appropriate licensed professional to the [COM]. Failure to attach the written statement [i.e., an Expert COM] will allow the defendant seeking to enter a judgment of non pros to file a written notice of intent to enter judgment of non pros. New Rule 1042.11 provides the requirements for filing the 10-day notice, and new Rule 1042.12 provides the requirements for filing the praecipe for entry of judgment of non pros. Suggested forms for both the 10-day notice and praecipe are provided.

Pa.R.C.P. No. 1042.12, Explanatory Comment. As noted above, the formal entry of judgment can occur only when "the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter judgment of non pros," Pa.R.C.P. No. 1042.12(a)(3), and "[t]he prothonotary may not enter judgment if the written statement has been filed prior to the filing of the praecipe." Pa.R.C.P. No. 1042.12, Official Note.

order to fix the particular error that Garcia committed in this case with respect to his COM. In other words, the Majority cannot dismiss Count II *sua sponte* and on an alternative ground based upon the conclusion that the claim lacks any basis in law or fact when, as a matter of law and fact, Garcia is entitled to notice and 30 days to file an Expert COM.

Nonetheless, the Majority cites the Official Note to Pa.R.C.P. No. 1042.3(a)(3) as authority for its actions. In pertinent part, the Official Note states that in the event a Non-Expert COM is filed, "in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation." Pa.R.C.P. No. 1042.3(a)(3), Official Note. However, when the Civil Rules for professional negligence claims are viewed and read in their entirety, I believe that the Majority's reliance on the Official Note to Rule 1042.3 is clearly misplaced. To the contrary, I consider the Official Note to mean that its preclusion rule applies only if a plaintiff files a Non-Expert COM, the defendant does not challenge the Non-Expert COM, the court accepts it, and the case goes beyond the discovery stage. In fact, the Official Note says so in its own words by stating that the plaintiff will be barred, not from filing a curative Expert COM, but "**from presenting testimony by an expert**." Pa.R.C.P. No. 1042.3(a)(3), Official Note (emphasis added). As should be evident, the Official Note to Civil Rule No. 1042.3(a)(3) is inapplicable in this case and cannot serve as a basis to dismiss Count II. Properly understood, Civil Rule No. 1042.3(a)(3) is designed to ensure fairness and to preclude a plaintiff from filing a Non-Expert COM and then subsequently contradicting it with expert testimony,

whether it be in an affidavit and/or deposition in opposition to a motion for summary judgment or live testimony at trial.

Given the circumstances of this case, before dismissing Count II as frivolous and as part of an IFP determination, I believe we need to follow, or perhaps more appropriately, "mimick" the procedure previously noted for a defendant to enter a judgment of non pros against a plaintiff. Therefore, I would conclude that the Majority is obligated to remand the matter to the trial court in order for the trial court to afford Garcia with proper notice and at least 30 days to file an Expert COM, just like any other non-indigent, unrepresented plaintiff would have received. *See* Pa.R.C.P. No. 1042.12(a)(1)-(3) and Official Note and Explanatory Comment. Ultimately, I believe this approach will ensure equal protection in application of the Civil Rules for professional negligence claims, in the context where Garcia is indigent and seeking IFP status.

Hence, I respectfully dissent.

_____
PATRICIA A. McCULLOUGH, Judge