IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rafael A. Diroche,
          Appellant

      v.

CO. 1. Bollinger and CO. 1. Over

:
:
:
:
:
:   No. 1763 C.D. 2024
:   Submitted: March 3, 2026
:

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: April 8, 2026

Rafael A. Diroche (Diroche) appeals, pro se, from the Huntingdon County Common Pleas Court's (trial court) December 5, 2024 order dismissing his complaint (Complaint) against Pennsylvania Department of Corrections' (DOC) Correctional Officer (CO) 1 Bollinger and CO 1 Over (collectively, Defendants)[1] as frivolous pursuant to Pennsylvania Rule of Civil Procedure (Rule) 240(j)(1), Pa.R.Civ.P. 240(j)(1). Diroche presents one issue for this Court's review: whether the trial court erred by determining that his Complaint failed to state a claim upon which relief can be granted and, thus, was frivolous. After review, this Court affirms.

Diroche is an inmate at the State Correctional Institution at Forest.[2] On November 4, 2024, Diroche filed the Complaint in the trial court seeking damages, alleging that Defendants owed him a duty of care and breached that duty on

---

[1] Diroche did not name DOC as a party defendant. The record does not contain CO Bollinger's and CO Over's first names.

[2] *See* https://inmatelocator.cor.pa.gov/#/Result (last visited Apr. 7, 2026).

November 9, 2022, "when [D]efendants escorted [him] in a negligent manner under [sic] a dangerous condition of the Commonwealth agency real estate, which was defective concrete, in [sic] route to the [Restricted Housing Unit (]RHU[)] recreation yard, . . . causing [Diroche] to trip and fall, handcuffed behind the back, resulting in bodily injuries."[3]  Complaint at 6.  Diroche simultaneously filed a petition in the trial court for leave to proceed *in forma pauperis*.  On December 5, 2024, the trial court dismissed the Complaint as frivolous pursuant to Rule 240(j)(1).  Diroche appealed to this Court.[4]

Diroche contends that the trial court erred by dismissing his Complaint when he properly alleged therein that he was injured due to Commonwealth real property that was dangerous for the activities for which it was regularly used.  *See* Diroche Br. at 7.  He asserts that the concrete sidewalk where he fell was the only route to the RHU recreation yard, and that Defendants waited until he suffered an injury on November 9, 2022, before repairing the defective concrete.  Initially, Rule 240(j)(1) provides, in relevant part:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding[,] or appeal . . . if it is satisfied that the action, proceeding or appeal is frivolous.
>
> *Note*: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either

---

[3] Diroche attached to the Complaint, Grievance No. 1006837, a November 15, 2022 grievance he filed with DOC averring that he had "tripped and fell over what can only be described as a[n] unkept, disruptive, and defective pavement walkway which is and has been broken up for long periods of time."  Complaint, Appendix.  Diroche also attached DOC's responses to Grievance No. 1006837 and the final appeal decision dismissing it.

[4] "Appellate review of a decision dismissing an action pursuant to [Rule] 240(j)(1) is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law."  *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, [326] . . . (1989).

Pa.R.Civ.P. 240(j)(1) (italics omitted). "An action is frivolous under [Rule 240(j)] if, on its face, it does not set forth a valid cause of action[.]" *Bennett v. Beard*, 919 A.2d 365, 367 (Pa. Cmwlth. 2007) (quoting *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997)).

Here, Diroche asserts a negligence claim against Defendants in their individual capacities. This Court has explained:

> Pursuant to [a]rticle [I], [s]ection 11 of the Pennsylvania Constitution, [PA. CONST. art. I, § 11,] the General Assembly declared that "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. § 2310.

*Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (footnote omitted).

> This Court determines whether a Commonwealth employee is protected by sovereign immunity by considering "whether the . . . employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within [1] of the [10] exceptions to sovereign immunity."[5]

*Id*. at 122 (quoting *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992)); *see also* Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, commonly known as the Sovereign Immunity Act (Act).

---

[5] Acts by a Commonwealth party for which liability may be imposed relate to: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, and control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. *See* Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b).

Thus, "[t]o impose liability on a Commonwealth party,[6] (1) the alleged negligent act must involve a cause of action that is recognized at common law or by a statute, and (2) the case must fall within one of [the] exceptions to sovereign immunity listed in Section 8522(b)" of [the Act]. *Bufford v. Pa. Dep't of Transp.*, 670 A.2d 751, 753 (Pa. Cmwlth. 1996) (citing 42 Pa.C.S. § 8522(b)). [Diroche], therefore, bore the "initial burden" of setting forth a claim for negligence against [DOC] where damages would be recoverable under the common law or a statute creating a cause of action. *LaChance v. Michael Baker Corp.*, 869 A.2d 1054, 1057 (Pa. Cmwlth. 2005), *as amended* (Feb. 10, 2005); *see also Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 85 (Pa. Cmwlth. 2005) ("The threshold question in a case of . . . sovereign immunity is whether [Diroche] would have an action in damages at common law or statute if [Defendants] could not claim the defense of governmental or sovereign immunity.").

*Young v. Wetzel*, 260 A.3d 281, 289 (Pa. Cmwlth. 2021) (footnotes omitted). "To the extent that [Diroche] seeks redress against [Defendants] in their individual capacit[ies] and requests monetary damages against them individually, sovereign immunity does apply." *Maute v. Frank*, 657 A.2d 985, 986 (Pa. Super. 1995).

In order to satisfy the first immunity waiver requirement, there must be a cause of action involving a Commonwealth employee's negligence recognized at common law or by statute. *See Young*. This Court has explained: "To state a negligence claim, 'the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, **the defendant breached that duty**, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage.'" *Id*. at 289 (emphasis added) (quoting *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998)). "The [] duty of care a Commonwealth agency owes to those using its real estate[] is such as to require that the condition of the property is safe for the activities for which it is

---

[6] "Section 8501 of the Judicial Code defines a 'Commonwealth party,' for purposes of sovereign immunity, as a 'Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment.'" *Pa. Pub. Util. Comm'n v. Del. Valley Reg'l Econ. Dev. Fund*, 255 A.3d 602, 608 (Pa. Cmwlth. 2021) (quoting 42 Pa.C.S. § 8501).

4

regularly used, intended to be used[,] or reasonably foreseen to be used." *Snyder v. Harmon*, 562 A.2d 307, 312 (Pa. 1989).

The trial court below dismissed Diroche's Complaint, reasoning:

Here, while [Diroche] invokes the real property exception, the focus is on the actions of Defendants in escorting him over the broken sidewalk with his hand[s] cuffed behind his back. **While he alleges that Defendants had a duty to report the broken sidewalk to [] DOC, he does not allege that they failed to do so - nor does he allege that they were responsible for maintaining and repairing the sidewalk.** **What he actually claims is that Defendants were negligent in the manner in which they escorted him over the sidewalk.** **Such claims are barred by the [] Act, as it does not waive immunity for personal injury torts of this kind.** . . .

**The [trial c]ourt notes that [Diroche] has not filed suit against [] DOC, which would be the appropriate party had he properly invoked the real property exception.** [Diroche] filed his suit just within the two-year statute of limitations for filing personal injury suits under [Section 5524(2) of the Judicial Code,] 42 Pa.C.S. § 5524(2). As such, he is now outside of the limitations period for his claim were he to attempt to file suit against [] DOC as opposed to Defendants. Further, even if the filing date for such a claim were somehow to relate back to the filing date of this action, the applicable statute of limitations would prevent [Diroche] from filing such an action. Any action that properly invokes the real property exception must be prefaced with a notice of action filed with the Office of the Attorney General within six months of the date that the injury occurred, or else it will be dismissed. [*See* Section 5522 of the Judicial Code,] 42 Pa.C.S. § 5522. Presumably, [Diroche] did not file such a notice here.

Trial Ct. Op. at 3-4 (emphasis added).

The trial court correctly observed that although Diroche alleged that Defendants had a duty to report the alleged sidewalk defect, he did not aver that Defendants failed to do so. Rather, as the trial court noted, Diroche asserted that

Defendants were negligent *in the manner in which they escorted* Diroche over the sidewalk, which is not conduct for which the Act waives immunity. Notwithstanding that a Commonwealth agency may indeed be liable for a dangerous condition of its real property, Diroche did not name DOC as a defendant in this action and has not moved to amend the Complaint to add DOC. Because the Complaint "lacks an arguable basis either in law or in fact[,]" *Neitzke*, 490 U.S. at 326, the trial court properly dismissed the Complaint as frivolous.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rafael A. Diroche, : 
           Appellant : 
            : 
      v. : 
            :   No. 1763 C.D. 2024
CO. 1. Bollinger and CO. 1. Over : 

## O R D E R

AND NOW, this 8th day of April, 2026, the Huntingdon County Common Pleas Court's December 5, 2024 order is affirmed.

_____

ANNE E. COVEY, Judge